JUDGE ROBERTSON
delivered the opinion oe the court.
The statutory requisition of affidavit and demand, as an essential preliminary to an action against a personal representative, does not apply to such a case as this suit in equity, in which the petition charges that the testator of the appellee had, as agent, sold lands for the benefit of the appellants for which he never accounted; that the appellants have no knowledge of the fiducial transac *654 tions of the employee; that the appellee holds the only evidences thereof, and not only withholds them, but declines to make a settlement; and therefore praying for a discovery and settlement.
The affidavit verifying these allegations is as much as the appellants could honestly swear to, and the alleged demand of a settlement and discovery is all they could do. To require more would virtually deny all remedy in such a case.
In a suit for discovery alone, as merely ancillary, no other affidavit would be necessary or credible; and, to prevent multiplicity and delay, both principle and the Code require that the ultimate relief should be sought in the same suit, and especially when, as in this case, a court of equity is the proper forum.
Then, without the preliminary affidavit of a specific demand, the petition in this case was maintainable for discovery as indispensable for a settlement. But after discovery, and before a coercive settlement, the spirit of the amendatory enactment of February 28, 1865 (Myers’s Supplement, 224), might require for the executor’s reciprocal security an affidavit of the amount paid by the testator, or of the non-payment of anything. That act should not be construed as requiring such an affidavit before filing a petition for discovery; nor does it literally apply to cases of mere agency or partnership. According to the allegations of the petition, the testator was not in the technical sense either “ trustee or fiduciary,” but was a simple agent only; and in no case in which a discovery and consequential settlement are sought does the spirit of the legislation for the protection of personal representatives require an affidavit as to amount due before obtaining a discovery, without which the claimant can not know whether a prosecution of the suit for a settlement would *655 be availing or prudent. Such, is this case on the face of the petition.
According to the allegations of the petition in this case, how could an account be verified and a demand made of payment without a discovery?
When the amount of the claim against a deceased debtor can be known and verified, then, to save the expense of litigation and secure his representative by an accredited voucher, the statute prescribes the affidavits and demand; but to carry the requisition further would unreasonably pervert the statute, and obstruct remedy to the frustration of justice.
The object of the statute was to facilitate justice; and, properly construed according to its aim, it requires nothing unreasonable or impracticable — certainly no such absurdity as a specific demand, when the claimant can not know what to demand, and when, as in such a case as this, it would be always unavailing to the claimant, and unsafe to the personal representative.
The circuit court therefore erred in dismissing the petition without prejudice merely because the statutory affidavits and demand had not been presented.
Wherefore the judgment is reversed, and the cause remanded for further proceedings.