CASE 5—EQUITY—SEPTEMBER 15, 1880.

# Smith v. McMeekin.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

1. When a road case is taken to the circuit or common pleas court, it is
   an appeal upon the law and facts originating and heard in the
   county court, and no evidence can be heard other than that found
   in the bill of exceptions.
2. Original jurisdiction in road cases is in the county court. The appel-
   late jurisdiction of the circuit or common pleas court is confined to
   a revision of the proceedings as they transpired in the county court,
   and the action of the court below must appear by a bill of excep-
   tions.

Smith v. McMeekin.

J. E. CANTRILL AND GEO. E. PREWITT FOR APPELLANT.

1. The court erred in ruling that, on appeal from the county court in a road case, it should be tried *de novo*.
2. We maintain that the appeal was strictly an appeal from a lower to a higher court, and in no sense is it an original case in the common pleas court. No new evidence can be introduced upon the appeal. (Helm v. Short, 7 Bush, 624; Mitchell v. Bond, 11 *Ib.*, 616; Campbell v. Wood, 339; secs. 5, 6, 8, and 9, art. 1, chap. 94, Gen. Stat.).

W. S. DARNABY FOR APPELLEE.

1. The universal position has been, in appeals from the county court to the circuit court in road cases, to hear the case *de novo*.
2. The language of the statute is almost verbatim the same as that used in regulating appeals in will cases. (Sec. 27, chap. 113, Gen. Stat.; Barr & Yeiser v. Stephens, 1 Bibb, 293.)
3. The trial is always *de novo* in appeals from one inferior court to another.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant instituted proceedings in the Scott county court to enable him to erect three gates across the public road leading from Russell's school-house to the Georgetown and Paris turnpike. The appellee interposed his objection to the granting of such a right, and the court on the hearing authorized the gates to be erected, from which an appeal was taken by the appellee to the court of common pleas, and that court, after hearing the case, remanded it back to the county court, with directions to dismiss the appellant's application, from which judgment the appellant has appealed to this court. The principal objection to the action of the common pleas court is, that the latter court heard the case *de novo*, and in the same manner that appeals are heard when taken from quarterly and justice's courts. We think the objection is well taken. This court, in the case of Helm v. Short, reported in 7th Bush, determined that the jurisdiction of the circuit court was appellate only, and reversed the judgment below. While the sections of the Civil Code then in force, regulating appeals in such cases,

are omitted from the present code, still the Revised Statutes. contained the same provision on the subject that is found in the General Statutes. The 43d section of the General Statutes, regulating appeals in road cases, provides that "the party aggrieved may prosecute an appeal within one year to the circuit court of the county, which court shall have jurisdiction without a jury to try the law and facts of the case." With this same provision in the Revised Statutes, the court held that no original evidence could be heard by the circuit court on the trial of the appeal. In the case of Mitchell v. Hord, from the Carroll circuit, arising under the General Statutes, and reported in 11th Bush, it was held that the county court had no power, after the case had been decided and an appeal prayed, to amend the bill of exceptions at a subsequent term, thereby determining in effect that a bill of exceptions was necessary to enable the party to prosecute an appeal.

In road cases the parties in the circuit court are not entitled to a jury, while in cases of wills this right cannot be denied them by the court; and while they may waive the right, it is further provided, "that the Court of Appeals shall not hear any matter of fact pertaining thereto other than *such as may be certified from the circuit court*, clearly implying that the circuit judge may hear original testimony in cases of wills; and the fact that the parties may have a jury in such cases is conclusive of the question. When a road case is taken to the circuit court, it is an appeal upon the law and the facts originating in the county court, and no evidence can be heard other than that found in the bill of exceptions. Original jurisdiction in road cases belongs exclusively to the county court, and the appellate juris-

Smith v. McMeekin.

diction of the circuit or common pleas court is confined to a revision of the proceedings as they transpired below.

The judgment is therefore reversed, and cause remanded, with directions, in the absence of a bill of exceptions, to dismiss the appeal.

To a petition for rehearing—

JUDGE PRYOR DELIVERED THE FOLLOWING RESPONSE:

Upon a reconsideration of the question involved in this appeal, and after a careful reading of the history of such proceedings found in the petition for a rehearing by the appellant, we are still satisfied the jurisdiction of the circuit court is appellate only. It has no original jurisdiction in such cases, and when authorized to try the law and facts of the case, the facts heard in the court below, and no other, can be tried by the circuit court. To determine otherwise would be to rob the county court of a jurisdiction that should necessarily belong to it, by reason of the control that court has over all the public highways of the county. The judge is presumed to know the wants of the people, the necessity for establishing a highway, and the conveniences and inconveniences resulting from such action.

His own view, aided by his knowledge of the county, and the necessity for opening or discontinuing public ways, no doubt often influences his mind in determining the effect of the testimony before him. The general supervisory power that court has over the highways of the county should not be transferred to any other judicial tribunal, unless by express legislative enactment; and when a party prosecutes an appeal from a judgment of the county court in this class of cases, it should be upon the record alone as made up and passed on by the county court. If otherwise, the applicant

has only to make the application upon proper notice in the county court, and without introducing any testimony, prosecute his appeal to the circuit court if adverse; and so of the defense, amounting, in fact, to a transfer of this original jurisdiction to the circuit court if the case is to be heard *de novo*. Such was not the intention of the law-making power, nor should such a construction be allowed to prevail.

We are aware that the practice has been different in some portions of the State, and that manuscript opinions may be found in this court where the record shows the case had been tried *de novo* in the circuit court; but in these cases the question was not raised, while in Short v. Helm the question was made directly in the court below, and there argued and passed upon in an opinion by the circuit judge, the substance of which, on that branch of the case, was approved and affirmed by this court. The court then declined to try the case, except on the facts appearing by the bill of exceptions, and remanded the case for the reason that the jurisdiction was appellate only. As said by this court in Short v. Helm, the circuit court will not be allowed to usurp the jurisdiction of the county court, and undertake to afford litigants the relief to which they are alone entitled in the county court. The errors of the county court, if any, may be revised by the circuit court, and the county court compelled to correct them.

Petition overruled.