CASE 112—PETITION EQUITY—SEPTEMBER 17.

## Holmes' adm'r v. Lusk's adm'r, &c.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

Section 53 of chapter 39, General Statutes, which provides that no interest shall be allowed upon a claim against a decedent's estate unless the claim be demanded of the personal representative within one year after his appointment, does not apply to cases where the representative qualified before the law took effect.

WALTON & KAUFMAN FOR APPELLANT.

1. The payments made by J. W. Lusk should first be applied to the interest which accrued against him after Samuel Lusk's death. Neither the debtor nor creditor having made any appropriation of the payment, it is the duty of the chancellor to do so. (Blanton v. Rice, 5 Mon., 253; Burke v. Albert, &c., 4 J. J. M., 99; McDaniel v. Barnes, 5 Bush, 185; Greenleaf on Evidence, secs. 530, 532, and 533.)

2. Sec. 53, chap. 39, Gen. Stat., does not apply to debts created before that law took effect. (Lewis v. Harbin, &c., 5 B. M., 564; Hedger v. Rennaker, 3 Met., 255.)

DUNLAP & DUNLAP FOR APPELLEE.

1. Appellant's claim was not demanded within one year after the appointment of the appellee as administrator, and hence no interest should be allowed. (Sec. 53, p. 454, Gen. Stat.)

2. The provision of the General Statutes referred to applies to this case, although the debt was created before the law took effect. The obligation of the contract is not thereby impaired. (Lewis v. Harbin & Downing, 5 B. M.)

Holmes' adm'r v. Lusk's adm'r, &c.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The 53d section of chapter 39, General Statutes, provides that "no interest accruing after his death shall be allowed or paid on any claim against a decedent's estate, unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator or curator *within one year after his appointment.*"

A note was executed in February, 1870, by W. J. Lusk, with the decedent, Samuel Lusk, as surety, to Samuel Holmes for $2,700, due in January, 1871. Samuel Lusk, the surety, died in February, 1872, and his personal representatives shortly thereafter qualified. The General Statutes did not take effect until the first of December, 1873, and the death of the decedent, as well as the qualification of his executors, occurring long before that time, the section of the General Statutes relied on cannot be made to apply. There was no statute at the death of Samuel Lusk or at the time his executors qualified requiring the creditor to make demand of his debt within one year after the appointment of the personal representative. While retrospective legislation is not prohibited in cases where it does not affect or impair the obligation of a contract, it is manifest, from the language of the section, that the legislature did not intend the law to apply to cases where the representatives of the deceased debtor had qualified before the law took effect. The act requires the creditor to demand of the representatives his claim *within one year after his appointment*, when in this case the inference is, although it does not clearly appear, that the representatives had qualified more than one year before the law was enacted; and no court would construe a statute as having a retroactive effect when

it is plain that the party sought to be charged could, in no event, have complied with its provisions.

If the law-making power had intended the section in question to apply to cases where the appointment of a personal representative had already been made, it would have provided that all claims against decedents' estates should be presented within a certain period after the passage of the act, or no interest should be allowed. We do not mean to say that such a law would prevent the party from recovering the interest that had accrued at the time the act passed.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.