CASE 92—PETITION EQUITY—FEBRUARY 27.

## Croninger, &c., v. Marthen.

APPEAL FROM KENTON CHANCERY COURT.

1. INTEREST ON CLAIM AGAINST DECEDENT'S ESTATE.—Notwithstanding the provision of the statute that no interest accruing after the death of a debtor shall be allowed on a claim against his estate, unless the claim be verified and payment demanded of the per-

Croninger, &c., v. Marthen.

sonal representative within one year after his appointment, interest may be allowed if the personal representative has waived demand, provided he is the only person who will be affected by allowing interest.

In this case the request by the executor that appellants should postpone the collection of their demand to enable him to pay without a sale of the decedent's real estate, and the promise and assurance given that their claim should be paid in full, ought to be construed as a waiver of the demand, so as to allow interest, the executor himself being the only other creditor, and the estate not being sufficient to pay both debts.

2. IT WAS THE DUTY OF THE EXECUTOR and of the testator's widow, as executrix, to first pay the debts against the estate as directed by the will, and the collection and appropriation of the rents from the testator's real estate, as well as the appropriation of the personalty, for any other purpose was illegal and unauthorized, and settlements made by the executor in the county court in which he was credited by payments made to the widow out of the rents, and for services rendered by him in collecting such rents, were improper.

3. SETTLEMENTS MADE BY A PERSONAL REPRESENTATIVE in the county court, although erroneous, were properly made the basis of a Master Commissioner's report, as they were not attacked by the pleadings in this action by creditors for a settlement of the estate.

WM. E. ARTHUR FOR APPELLANTS.

1. The verification, authentication and demand within the year was waived by the personal representatives, and appellant is entitled to recover interest from the date of his claims. (Howard's Adm'r v. Leavell's Adm'r, 10 Bush, 483; General Statutes, chapter 39, article 1, sections 35, 40 and 53; Johnson v. Belt, 4 Bush, 405; Thomas v. Thomas, 15 B. M., 184; Trabue v. Harrison, 1 Met., 600; Holmes v. Lusk, 78 Ky., 548; McCann v. Bell, 79 Ky., 112.)

2. The income of the realty was not assets which the personal representatives had any right to receive. (General Statutes, chapter 21, section 13, page 246; Ibid., chapter 39, article 1, section 5, page 441; Heeter v. Jewell, 6 Bush.. 512; Wilson, Guardian, v. Unselt's Adm'r, 12 Bush, 215; Oldham v. Collins, 4 J. J. M., 50; O'Bannon v. Roberts, 2 Dana, 54; Muldoon v. Crawford, 14 Bush, 129; Speed, &c.. v. Nelson, 8 B. M., 505; Smith v. Bland, 7 B. M., 505.)

3. The personal representatives are liable to the creditors for the income collected from the realty.

The executor resided out of the Commonwealth, and was all the time legally incompetent, and the county court should have removed him. (General Statutes, chapter 39, article 1, section 19, page 444; McKenzie v. Pendleton, 1 Bush, 164; Finnell v. Meaux, 3 Bush,

450; Brown v. Durbin, 5 J. J. M., 172; Vance v. Vance, 5 Mon., 521; Muldoon v. Crawford, 14 Bush, 129; Wilson v. Unselt, 12 Bush, 216; Young v. Wickliffe, 7 Dana, 448; Faucett v. Faucett, 1 Bush, 514; Berry v. Hamilton, 12 B. M., 193; Dunlap v. Kennedy, 10 Bush, 542.)

4. As against appellants the settlements in the county court of receipts and disbursements of realty income are void. Appellants resided in the county; they had no notice of the time and place of said settlements, and were not parties to either. (General Statutes, chapter 28, article 14, sections 3, 9, page 304; Saunders v. Saunders, 2 Litt., 314; Wooldridge v. Watkins, 3 Bibb, 350; Hart v. Hart, 2 Bibb, 609; Muldoon v. Crawford, 14 Bush, 129; Wood v. Lee, 5 Mon., 61; Blakeley v. Holton, 5 Dana, 529; Kellar v. Beeler, 5 Mon., 576; Beeler v. Hill, 5 Dana, 44; Logan v. Troutman, 3 Mar., 66; Moore v. Beauchamp, 5 Dana, 75.)

D. A. GLENN FOR APPELLEE.

1. The court will not decide that there was a waiver, unless it can conclude from the evidence that a waiver was intended by the parties. No such intention appears. On the contrary, it is apparent that appellant did not make demand within the year, because he was ignorant of the requirements of the law.

2. The Chancellor can not surcharge the county court settlements, as they are not attacked by the pleadings.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

As the widow of Edward Hoyt, deceased, did not renounce his will, but elected to accept the estate devised to her by it, it was the duty of herself, as executrix, and appellee, A. W. Marthen, as executor, to first pay the debts against the estate as directed by the will; and the collection and appropriation of the rents from the house and lots, as well as the personalty, for any other purpose, was illegal and unauthorized; and the settlements in the county court, made by the executor, Marthen, one just before the commencement of this action, and the other during its pendency, in which he was credited by payments made to the widow out of the rents, and for services rendered by him in collecting such

rents, were improper and unauthorized; but as the plaintiff in this action did not attack those settlements, or seek to have them surcharged and set aside, the lower court, as the pleadings stood, properly sustained the report of the Master Commissioner, which was based on them.

We think, however, the court erred in failing to render judgment for all claims of appellants, and interest on each of them up to the time they are to be paid out of the proceeds of the sale of the house and lot, notwithstanding section 53, article 2, chapter 39, General Statutes, which is as follows:

"No interest accruing after his death shall be allowed or paid on any claim against a decedent's estate, unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator or curator within one year after his appointment."

The testator died in 1874, and the executor and executrix qualified November 23, 1874; but notwithstanding they knew the estate to be insolvent, and that the realty would have to be sold to pay the debts due to appellants, the nature and amount of which they knew, yet they failed to either apply the personalty for that purpose, or to institute an action for a settlement and sale of the real estate, but continued to collect rents from the house and lot left by the testator, and appropriate them to their own use, until this action was commenced by appellants in 1883 for such sale and application of the proceeds to pay their demands.

It appears, moreover, that a short time after the

death of the testator, appellants presented their demands to the executor and executrix, and payment thereof in full was promised; but they requested appellants to allow them time in order that they might raise the funds with which to pay the claims without a sale of the house and lot. And appellants having thus been induced to postpone the collection of their debts, did not until 1876 institute any action to subject the house and lot. And that action was in pursuance of the written agreement of the executor, A. W. Marthen, made in June, 1876, to admit the correctness of their claims in full, dismissed.

But after the commencement of this action, the widow and executrix being dead, two notes for seven hundred and eighty-five dollars and eighty-four cents and one hundred and one dollars and twenty cents, purporting to have been executed in 1869 and 1873 by the testator to A. W. Marthen, and in writing assigned to his wife in November, 1876, were for the first time presented and judgment in her favor against the estate prayed for.

At the time the first action was commenced by appellants in 1876, these two notes were held by A. W. Marthen in his own name, and the date of the assignment to his wife is subsequent to the dismissal of that action; but appellants say they did not know of their existence until after the present action was commenced in 1883.

The issue now presented is virtually between appellants and A. W. Marthen and his wife, holder of the two notes assigned to her by him for an un-

explained reason and without consideration, and not between appellants and the devisees and other creditors, for there are no others.

The house and lot sold for the sum of only three thousand one hundred and ninety-two dollars, which constitutes the only fund with which to pay debts, the amount of the personalty, as well as rents, having been appropriated almost entirely by the executor and executrix for their own benefit, but accounted for and allowed to them in the county court settlement.

The amount of appellants' claims allowed in the judgment appealed from is one thousand seven hundred and thirty-eight dollars and sixty-one cents, though it should have been, even upon the basis adopted by the lower court, two thousand one hundred and two dollars and sixty-one cents. The amount of the two assigned notes claimed by appellee, Eliza J. Marthen, and allowed, is one thousand two hundred and twenty-nine dollars, and the amount allowed to appellee, A. W. Marthen, being balance in his favor in county court settlement, is four hundred and ninety-three dollars.

It will be thus perceived that the fund is not sufficient to pay all the debts, and consequently, if appellants are allowed interest on their claims from the death of the testator in 1874, which was denied them in the judgment appealed from, the *pro rata* share payable to appellee, A. W. Marthen, the executor, and his wife, will be proportionately diminished, but the interest of no one else will be affected.

The object of the statute requiring proof and affi-

davit of claims against the estate of a deceased person is to give the personal representative an opportunity to pay and use them as vouchers without subjecting the estate to the costs of litigation, and the object of the section we have quoted is to prevent the unnecessary accumulation of interest on such demands by the delay of creditors in duly proving and demanding payment.

But it has been held that the personal representative may waive the demand either before or after suit by the creditor. (Thomas' Executor v. Thomas, 15 B. M., 184; Howard's Administrator v. Leavill, 10 Bush, 482.)

In this case the request by the personal representatives that appellants should postpone the collection of their demands to enable them to pay without a sale of the house and lot, and the assurance and promise given that their claims should be paid in full, ought to be construed as a waiver of the demand, particularly as not to do so would enable one of the executors, Marthen, to profit individually by his own bad faith, as well towards the estate as to the creditor; for he not only kept concealed from appellants the existence of the two notes he held against the testator, but, in violation of his official duty, continued to collect rents and profits from the house and lot, which were applied not to pay creditors, but for the use of himself and the executrix, and in the end claimed a balance against the estate in favor of himself, arising out of his illegal transaction; and if the county court settlement had been attacked in this action, we would not hesi-

tate to say that he should be compelled to look alone to the rents collected for payment of whatever claim he may have against the estate.

Whether, if the contest here was between appellants and other creditors or the devisees, interest should be allowed after the death of the testator, it is not necessary to decide; but as the record now stands appellants ought to have each of their claims, and interest on each up to the date of distributing the fund in court, and they are also entitled to the entire amount paid for medical bill and funeral expenses after the death of the testator, and like interest thereon from the date of such payment, which, as to the funeral expenses, is to be paid as a preferred claim.

The judgment is, therefore, reversed, and cause remanded for further proceedings consistent with this opinion.