CASE 47—PETITION EQUITY—MARCH 10.

## Jett's Executrix v. Cockrill's Executrix.

APPEAL FROM ESTILL CIRCUIT COURT.

No INTEREST ACCRUING ON A CLAIM AFTER THE DEATH OF THE DEBTOR CAN BE ALLOWED, unless the claim is verified as required by law, and payment demanded of the personal representative within one year after his appointment; and the personal representative, by merely making a payment on the claim before it is .verified, does not waive his right to require, as a condition precedent to the recovery of interest accruing after the debtor's death, that the claim be verified, and the payment of the balance due thereon demanded within a year from the time of his qualification.

C. F. AND A. R. BURNAM FOR APPELLANT.

1. As the verification and demand were made within twelve months after suit might first have been brought (Gen. Stats., chap. 39, sec. 23), the plaintiff should be allowed to recover interest.
2. The executrix waived verification and demand, by making a payment on the debt. (Croninger v. Marthen, 7 Ky. Law Rep.)

Jett's Executrix v. Cockrill's Executrix.

3. As this was an action to enforce a lien on land, a mere incident to the debt, verification and demand were not necessary to entitle the plaintiff to the relief sought.

RIDDELL and FLUTY for appellee.

The payment on the note was not a waiver of verification and demand. There was no promise by the executrix to pay, and the heirs as well as the executrix are affected by the judgment. For these reasons the case of Croninger v. Marthen (7 Ky. Law Rep.) does not apply.

JUDGE BENNETT delivered the opinion of the court.

Section 53 of article 2, chapter 39 of the General Statutes provides, that "no interest accruing after his death shall be allowed or paid on any claim against a decedent's estate, unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator or curator within one year after his appointment."

E. L. Cockrill having died testate in Estill county, his will was admitted to probate by the county court of that county, and the appellee was qualified as executrix thereof on the 21st day of November, 1876.

Curtis Jett, who was alive at the time of the appellee's qualification as executor, and continued to live for several months thereafter, did not verify the note, which he held on the appellee's testator, as required by law, nor did his executrix, after her qualification, demand the payment of said note, accompanied with the verification required by law, until the 12th of March, 1878, more than one year from the time of appellee's qualification and appointment.

The statute *supra* is peremptory that no interest accruing after the death of a person, upon any claim against his estate, shall be allowed or paid, unless the claim shall be verified and authenticated as required

by law, and payment thereof demanded of his execu-
tor, administrator or curator within one year after the
appointment of the executor, administrator or curator.
But notwithstanding this provision of the statute, if
the executor, administrator or curator is the only per-
son who will be affected by allowing the prohibited in-
terest, he may waive his right to the protection of the
statute, by agreeing with the creditor of the estate to
pay his debt in full, in consideration of his postpon-
ing the collection of his demand, so as to enable him,
the representative, to pay the debt without sacrificing
the estate by a forced sale. (Croninger, &c., v. Mar-
then, 83 Ky., 662.)

There is no contention in this case that appellant
and appellee ever made any such agreement.

Appellee, after she qualified as executrix, and before
the note was verified as required by law, paid five hun-
dred dollars on it. If she knew the debt was just and
could be verified as required by law, then she had the
right to make the payment on it, and she certainly
waived no right to have the claim verified, and the
payment of the balance due thereon demanded within
a year from the time of her qualification.

The distinction between this case and that of Cron-
inger v. Marthen is plain. In that case the creditor
postponed taking any steps toward collecting his debt
or perfecting his right to collect interest on it, by the
request of the executor, and his express promise that
his debt should be paid in full. In view of these facts,
together with the further fact that the executor was
the only person to be affected by the payment of the
interest, this court held that he waived his right to rely

upon the statute.   But in this case nothing of the kind occurred.   The appellee simply, in advance of the verification of the debt and demand of its payment, paid five hundred dollars thereon.   This was certainly not a waiver of her right under the statute to refuse to pay interest because the debt was not proved and payment thereof demanded within a year after her qualification.

The judgment of the lower court is affirmed.