CASE 49—ACTION TO RECOVER COMPENSATION FOR SERVICES RENDERED—
Nov. 13.

# Moran v. Hammer, &c.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.  AFFIRMED.

ESTATES OF DECEASED PERSONS—LIABILITY OF CURATOR.

Held:   Under Kentucky Statutes, section 3902, providing that a cur-
ator appointed pending the contest of a will "may pay debts,
commence and maintain actions, and be sued as such," and
under Id. section 3884, providing that no interest accruing
after the death of a decedent shall be paid on any claim against
his estate unless the claim be verified and demanded "of the
executor, administrator or curator" within one year after his
appointment, the same proceedings may be had against a cur-
ator for the collection of a debt due by the decedent as are au-
thorized against an administrator or executor.

W. L. PORTER, ATTORNEY FOR APPELLANT.

1. The question presented by this appeal is the construction of
section 3902, Kentucky Statutes, defining the power and duties
of curators.
2. It is insisted by appellant that authority granted to sue a cura-
tor, as stated in said section, does not authorize a suit against
him to recover of him or fix the liability on the estate of a
decedent for a debt against the estate of a decedent confided
to a curator, by the county court, pending the question of the
probate of a will, or granting letters of administration.
2. The only authority given the county court by section 3901 to
appoint a curator, is for the purpose of collecting and preserv-
ing the estate until the probate of the will or until the cause
for which the order was made shall be removed.   He has no
power to settle the estate.

V. H. BAIRD AND BASIL RICHARDSON, FOR APPELLEE.

1. The sole question is whether an action lies against a curator for
a debt against the estate of the decedent.
2 Section 3902, Kentucky Statutes, plainly and specifically provides
that the curator, in addition to the preservation of decedent's
estate, "shall pay debts, commence and maintain actions and
be sued as such."   Ky. Stats., secs. 3902, 3884, 449, 3883.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The appellees instituted this action against the appellant seeking to recover judgment for $1,000 for services rendered the decedent, William Moran; the appellant having been appointed curator of the estate of said decedent. A jury trial resulted in a verdict and judgment in favor of plaintiffs for $433, and appellant's motion for new trial having been overruled, he prosecutes this appeal.

The only question presented for decision is whether the appellees were entitled to sue the curator, and recover judgment for a debt due from the decedent. It is the contention of appellees that a creditor of the decedent has the same remedies against the curator that he has against an administrator. It is the contention of appellant that the curator has no power to do anything except to hold and take care and preserve the estate, and turn the same over to the executor or administrator when such appointment is made; and it is insisted for appellant that section 3902, Kentucky Statutes, refers only to debts and actions and suits touching the duties and transactions of the curator after his appointment. It is provided in section 3901, Kentucky Statutes, that during the contest about the probate of a will, or when the court for any valid cause shall be delayed in granting letters testamentary or of administration, it may appoint a curator to collect and preserve the estate until the will be probated, or the cause for such order be removed. Section 3902, Kentucky Statutes, reads as follows: "It shall be the duty of the curator to collect and safely keep the estate of the decedent, and to make and return to court within three months a full and complete inventory of the same. It shall be his further duty to deliver up the estate when required, to the executor or administrator. He may pay

Moran v. Hammer, &c.

debts, commence and maintain actions, and be sued as such. He may sell such perishable and other goods as the county court may order to be sold, and shall be allowed a reasonable compensation for his services." It is provided in section 3884 that no interest accruing after the death of a decedent shall be allowed or paid on any claim against the decedent's estate unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator, or curator within one year after his appointment. It seems to us that the manifest intention of the statute, as well as the plain language thereof, authorizes the same proceedings against a curator for the collection of a debt due from the decedent that is authorized to be had against an administrator or executor. It is evident that the curator may pay debts, and it will be seen that the creditor loses interest upon his debt against the decedent unless he makes a proper demand of the curator within twelve months after his appointment. It would seem to be useless to require a creditor to verify and demand payment of the curator unless it was the duty of the curator to pay and likewise the right of the creditor to enforce payment. For the reasons indicated, the judgment is affirmed.