CASE 10.—ACTION BY JOHN B. FARIS AND ANOTHER
        TRUSTEES OF HENRY CLAY FARIS, AN INCOM-
        PETENT, AGAINST THE EXECUTORS OF VINCENT
        BOREING, DECEASED, FOR A SETTLEMENT OF
        HIS ACCOUNTS AS FORMER TRUSTEE OF SAID
        INCOMPETENT.—November 1.

## Boreing, &c. v. Faris, &c.

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for plaintiffs, defendants appeal—
Affirmed.

1.  Trusts—Executors of Trustee—Compelling Account—Demand.
    —Where a trustee died without settling his account, and his
    executors failed to account, no affidavit or demand was neces-
    cary by succeeding trustees before suit to compel such execu-
    tors to account, within Ky. Stats., 1903, sections 3870, 3872,
    3874, providing for the filing of claims with executors, accom-
    panied by an affidavit that the demand was just, that there
    was no offset or discount against it, and that it had not
    been paid.
2.  Same—Presentation of Claim—Necessity.—Ky. Stats., 1903,
    sections 3870, 3872, 3874, requiring the filing of a claim
    against executors, accompanied by an affidavit that the
    demand was just, that it was subject to no offset or discount,
    and had never been paid, were not designed to interfere with
    the ancient jurisdiction of equity to settle the accounts of
    fiduciaries, and require the funds in their hands to be paid
    over to their successors.
3.  Same—Trustee—Appointment.—Testator bequeathed certain
    property in trust for his son F., an incompetent, and pro-
    vided for the appointment of a trustee by the county court.
    B. was appointed and qualified. Thereafter F.'s sister also
    bequeathed a legacy to B., in trust for F., designating B. as
    F.'s "committee." B., who was also executor of the sister's
    will, took charge of the legacy as trustee, and subsequently

died without having settled his account, when complainants were appointed generally as F.'s trustees in B.'s place. Held, That complainants were entitled to recover from B.'s executors and hold all funds belonging to F., however bequeathed to him.

4.  Same—Designation of Trustee—Sufficiency.—Where testatrix bequeathed a legacy to her incompetent brother's trustee, in trust for the brother's benefit, a description of the trustee as the beneficiary's "committee" was equivalent to a designation as trustee.

5.  Same—Accounting by Trustee's Executors—Interest.—Where a trustee failed to account during his life, his executors, on being required to account, were properly charged with interest after the trustee's death to the date of the judgment; the trustee being required to invest the trust fund so as to make it bear interest, and, if he did not, his estate was chargeable with interest.

6.  Same.—Ky. Stats., 1903, section 3884, providing that no interest accruing after decedent's death shall be allowed or paid on any claim out of decedent's estate, unless a claim be filed and authenticated, as required by law, and demanded of the executor, administrator, or curator within a year after his appointment, does not apply to the liability of the executor of a deceased trustee, who died without accounting; action being brought against such executors to compel them to account within a year after the trustee's death and their qualification as executors.

7.  Same—Accounting—interest.—The trustee of an alleged incompetent, who had never been found of unsound mind by an inquest, purchased a horse from such incompetent and kept the purchase price as his trustee. Held, That the trustee never having filed an account prior to his death, his executors were properly charged with the price, with 6 per cent. interest thereon.

8.  Costs—Executors—Accounting.—Where executors of a deceased trustee, who had died without accounting, also failed to make a settlement of their testator's account as trustee, and suit was brought by substituted trustees to compel the executors to account, in which the trustees were successful, the executors were properly chargeable with costs under Ky. Stats., 1903, section 889, providing that in actions in equity the party succeeding on the merits or otherwise shall recover his costs, except against nominal defendants.

COOK & JAMES, attorneys for appellants.

Boreing, &c., v. Faris, &c.

The grounds we rely on for reversal are as fo"ows:

1. The judgment is expressly prohibited by sections 3870, 3872 and 3874 of Ky. Stats. as the expurgatory affidavit required by those sections was not made or filed by appellees before rendition of the judgment.

2. The second clause of the judgment is wholly unauthorized, because the appellees are not trustees under the will of Dora B. Faris, nor trustees of the fund bequeathed by her to H. Clay Faris—they are trustees only under the will of James M. Faris, and only of the fund bequeathed by him to H. Clay Faris.

3. The whole of said judgment, in any event, is erroneous, in that the appellants are adjudged to pay interest up to the date of the judgment, when no interest should have been allowed on either fund subsequent to the death of the testator, Vincent Boreing.

4. The said judgment is, moreover, grievously erroneous and contrary to principles of equity, in that the entire costs of the action are adjudged against the appellants, when, in any event, they are blameless and made a just defense to the action, and would not have been justified in paying any moneys to the appellees without this litigation, and when it is plainly apparent that the appellees would not have accepted the amount which the court adjudged.

SAM C. HARDIN, attorney for appellees.

D. K. RAWLINGS of counsel.

1. There is no stronger or better established principle than that a trust will not be permitted to lapse for want of a trustee. Upon the death of Vincent Boreing, under the will it was necessary that there be a successor appointed to carry out the trust. Acting under that principle appellees were appointed trustees for H. Clay Faris, and thereby they not only became trustees of the fund left by James M. Faris, but also of the fund bequeathed by Dora B. Faris and of any other trust estate to which H. Clay Faris was entitled.

2. Vincent Boreing being chargeable in his life-time with interest on these funds, the fact of his death would not stop the interest.

3. If appellants had acted in good faith and filed a suit in chancery asking direction of the chancellor as to the proper payment of this trust fund, they would have been entitled to whatever costs they so incurred, but having vindictively fought the payment of this trust fund in the lower court and by appeal

to this court, they are not entitled to have their costs paid out
of the estate.

### AUTHORITIES CITED.

Huffman v. Moore, 101 Ky., 288; Gray's Exr. v. Lewis, etc., 79
Ky., 453; Fox, etc., v. Apperson's Exr., 6 Bush, 653; Lyon's Exrx.
v. Logan County Bank, 78 S. W. 54, 25 Ky. Law Rep. 1668.

OPINION OF THE COURT BY JUDGE HOBSON—
Affirming.

James M. Faris by his will, dated November 25,
1885, made the following provision for his son,
Henry Clay Faris: ''As my son Henry Clay Faris is
not deemed of sufficient mind to manage his part of
my estate and to insure to him the benefit of same,
it is my desire that the Laurel county court at the
time of my death or as soon as practicable thereafter
shall appoint a trustee or guardian to take charge
of and hold in trust for him the one thousand dollar
note with accrued interest to that date that I hold
on the Altamont Coal Company, with C. Crooke as
president, it being the last payment on the two hun-
dred acre tract of land upon which the town of Alta-
mont now stands. I deem this note as being equiva-
lent to the full amount that the said Henry Clay Faris
would under the law be entitled to out of my estate.
It is my will that said trustee shall annually collect
the interest on said note and invest same for the
use and benefit of said Henry Clay Faris and expend
same for him when necessary for health and comfort,
but in no case expend more than the interest on said
note or the proceeds arising therefrom unless de-
manded by extreme necessity. Said trustee or guard-
ian must before taking charge of any funds execute
an unquestionably good bond for the faithful carry-

ing out of the provision of this will upon which he shall be liable for the proper management and disbursement of said property as are all other custodians of trust funds.  *   *   * If Henry Clay Faris dies without (issue) the unexpended proceeds of note reverts to my heirs.'' On January 25, 1886, Vincent Boreing qualified in the Laurel county court as trustee for Henry Clay Faris and took charge of the funds devised to him by his father. Dora B. Faris, a sister of Henry Clay Faris, died in the year 1897. By her will she made the following provision for him: ''I give, devise and bequeath unto Vincent Boreing and his successors as committee for my brother Clay Faris, for the use and benefit of the said Clay Faris, one-third of my interest in the net proceeds of the firm of Jones & Faris heretofore mentioned.'' Vincent Boreing was also the executor of her will, and he took charge as trustee for Henry Clay Faris of the funds devised him by his sister. He continued to hold these funds as trustee until his death on September 16, 1903, without having made a settlement of his accounts. After his death a litigation ensued between the relatives of Henry Clay Faris as to who should be his trustee. The county court appointed E. H. Johnson. An appeal was taken from the order to the circuit court, and on the appeal it was held by the circuit court that Joe Young and John B. Faris should be appointed joint trustees. They thereupon qualified and gave bond on June 20, 1904. On September 1, 1904, this suit was brought by J. B. Faris as trustee against Vincent Boreing's personal and real representatives for a settlement of his accounts as trustee and to recover judgment for the amount found due. It was charged that the personal estate of Boreing was not sufficient to pay

his debts, and a sale of land was prayed for the payment of the amount found due. It was alleged that Joe Young, as trustee, refused to join in the suit, and he was made a party defendant. Afterward Young filed his petition and was made party plaintiff. The executors filed an answer denying that the personal estate of their testator was insufficient to pay his debts. The case was referred to a commissioner to settle the accounts of Boreing as trustee, and, judgment having been entered by the circuit court, modifying the commissioner's report, and confirming it as modified, and directing the executors to pay over the amount found due to the plaintiffs, the executors appeal.

It is insisted for the executors that the judgment is erroneous, because no affidavit was filed in the circuit court, as required by sections 3870, 3872, 3874, Ky. Stats. 1903, to the effect that the demand was just, that there was no offset or discount against it, and that it had never been paid. No objection was made in the circuit court on account of the want of the affidavit. This is not the character of action in which there must be an affidavit and demand of the executors before the suit is brought. The decedent was the trustee of the fund. It was his duty to have made a settlement of his accounts as trustee, and when he died without having made a settlement it was the duty of his executors to make such a settlement. When they failed to make it, the only remedy for the present trustees was a suit to have the trust settled. In such a case no affidavit or demand is necessary. In Fox v. Apperson, 6 Bush 653, this court so holding said: "When the amount of the claim against a deceased debtor can be known and verified, then, to save the expense of litigation and

to secure his representative by an accredited voucher, the statute prescribes the affidavits and demand; but to carry the requisition further would unreasonably pervert the statute, and obstruct remedy to the frustration of justice. The object of the statute was to facilitate justice; and, properly construed according to its aim, it requires nothing unreasonable or impracticable—certainly no such absurdity as a specific demand, when the claimant cannot know what to demand, and when, as in such a case as this, it would be always unavailing to the claimant, and unsafe to the personal representative." The chancellor, with the assistance of his commissioner, made the settlement. He excluded everything from the settlement that was not justly chargeable to the former trustee. The present trustees have no personal knowledge of the matters, as they had no connection with the estate until their appointment. The case does not come, therefore, within the purview or intent of the statute. It was not designed to interfere in any way with the ancient power of courts of equity to settle the accounts of fiduciaries and require the funds in their hands paid over to their successors. The chancellor in such cases merely ascertains the amount of the trust fund, and orders the trust carried out by the payment of the fund to the present trustee. From the nature of the case there could be no demand accompanied with affidavit pursuant to the statute before the action is brought and a settlement made; and after the settlement is made for the present trustees to file their affidavits as provided in the statute would serve no good end, as they had nothing to do with the estate before their appointment, and the judgment simply determines the amount of the estate in the hands of their predecessor.

It is also insisted for the executors that the judgment is erroneous, because the present trustees are not trustees under the will of Dora B. Faris or of the fund bequeathed by her, but only under the will of James M. Faris and of the fund bequeathed by him. The order of the court appoints the plaintiffs as trustees of Henry Clay Faris. They are not appointed trustees under either will. As trustees of Henry Clay Faris they may recover and hold any funds belonging to him, whether left to him by his father or by his sister. It is perfectly apparent from Dora B. Faris' will that she intended Vincent Boreing, who was then the trustee of her brother, to hold as such trustee the fund which she devised to him. It is true she styles him "committee," and not "trustee;" but the word "committee" there has the same meaning as "trustee." It was her intention that the fund she devised should be added to the fund which her father had devised to take care of her afflicted brother. The present trustees are the trustees of both funds.

There was no error of the court in adjudging the executors to pay interest after the death of Boreing up to the date of the judgment. It was incumbent upon the trustee to invest the fund for his ward so as to make it bear interest. If the fund was invested by him, his estate could not keep the interest accruing after his death, but was bound to pay it over to his successors. If the trustee had not invested the funds, but had used them himself, he to this extent failed in his duty as trustee; and he cannot be allowed to stand in a more favorable light than if he had done his duty and lent out the funds. When, as trustee, he lent the fund to himself, he cannot be heard to say that the fund was not producing interest. There is nothing in the record to bring the case within section

3884, Ky. Stats. 1903, which is as follows: "No interest accruing after his death shall be allowed or paid on any claim against the decedent's estate unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator or curator within one year after his appointment." There was no showing made in the circuit court that the statute had not been complied with; but, aside from this fact, it is not the kind of case to which the statute applies, as the accounts of the trustee had not been settled, and no demand could be made. Richardson v. Banta, 23 S. W. 350, 15 Ky. Law Rep. 348. The action was brought for a settlement within one year after the death of Vincent Boreing and the qualification of his executors.

Henry Clay Faris had a horse, which he sold to Vincent Boreing for $90. Boreing did not pay him the money, but held it for him as trustee. Faris has never been found of unsound mind by an inquest. This $90, while not included in the will of his father or his sister, was a trust fund held by Boreing for him. Boreing's security might not be answerable for it, but Boreing himself was responsible for it. Faris, by allowing Boreing to keep the money as trustee, made him the trustee of this fund, and Boreing is responsible for the fund, with 6 per cent. interest, as adjudged by the court. When the trustee dealt with his ward, he is in the same position as to the $90 as he would be if a third person had placed the amount in his hands as trustee for his ward. The present trustees hold all the funds as trustees of Henry Clay Faris. Whether Faris might be entitled to have the trust discharged as to any part of the fund is not a question now presented. The court properly charged Boreing's estate with $90 and inter-

est, for the reason that, when Henry Clay Faris allowed the $90 to remain in his trustee's hands, it was held by Boreing for him as trustee, and, being trustee, he must account as trustee for it.

The court did not err in adjudging the defendants to pay the cost of the action. Section 889, Ky. Stats. 1903, provides: "In actions in equity the party succeeding on the merits or otherwise shall recover his costs except against nominal defendants." The executors had failed to make a settlement of the accounts of their testator as trustee of Henry Clay Faris. If they had made a settlement, and this was a suit to surcharge a settlement made by them, in which the plaintiffs had recovered nothing more than they admitted in the settlement made by them, a different question would be presented. The fact that the plaintiffs did not recover as large a judgment as they claimed is immaterial. They recovered a judgment for a considerable sum, and are therefore entitled to recover their cost.

Judgment affirmed.