### Teass v. Wells' Executrix et al.

(Decided October 13, 1931.)

WHEELER & WHEELER for appellant.

KIRK & WELLS and RUTH L. WELLS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On December 19, 1919, J. K. Wells executed and delivered to John Teass three notes aggregating $2,750, bearing interest from date. These notes were given as the balance of the purchase price of real estate, and a lien was retained on the property conveyed to secure their payment. On February 11, 1922, Wells paid $300 on the notes. On February 19, 1926, J. K. Wells died, and thereafter on March 17, 1926, Ruth L. Wells was appointed and qualified as his executrix. On the 28th day of May, 1930, Teass presented the notes to the executrix with proof as required by statute, and, the executrix failing to pay same, he instituted this action asking for judgment for the amount of the notes with interest from date and for the enforcement of the lien retained to secure same.

On May 5, 1920, J. K. Wells and wife conveyed the property which he purchased from Teass to the North-

East Coal Company, and it was made a party defendant to determine what interest it had therein. In addition to traversing the petition, the executrix by answer affirmatively alleged that no legal demand for the payment of the notes had been made nor proper proof of claim filed with her as executrix of J. K. Wells within one year after her appointment and qualification.

The court adjudged that plaintiff recover of the defendant Ruth L. Wells, executrix, the sum of $2,750, with interest from December 19, 1919, to February 19, 1926, subject to a credit of $300 as of date February 11, 1922, but further adjudged that no interest should be allowed on the indebtedness from and after the death of J. K. Wells on February 19, 1926, for the reason that the claim had not been verified and authenticated as required by law and payment had not been demanded of the executrix within one year from the date of her appointment and qualification. From so much of the judgment as denied plaintiff interest from and after the death of J. K. Wells, she has appealed.

Section 3884, Ky. Statutes, provides:

> "No interest accruing after his death shall be allowed or paid on any claim against the decedent's estate unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator or curator within one year after his appointment."

It is earnestly urged by counsel for appellant that this statute does not apply in this instance, for the reason that the estate of the decedent was insolvent as shown by the proof; hence, there was no necessity for making the demand, and a number of cases are cited as supporting this contention. An examination of the cases cited discloses that none of them are dealing with or have any application to section 3884, but they are dealing in the main with section 3872, Ky. Statutes, which provides:

> "Before such affidavit is made, no action shall be brought or recovery had on any such demand, nor until demand of payment thereof has been made of the personal representative, accompanied by the required affidavit."

Evidently the purpose of section 3872 is to afford to the personal representative the opportunity of paying

claims against the estate without subjecting it to unnecessary expense and costs of litigation. The manifest purpose of section 3884 is to protect the estate from unnecessary interest accumulations. It is apparent why one section applies to an insolvent estate and the other does not. It would be futile to make demand of the representative of an insolvent estate, as no court costs or expenses would be avoided by such action. On the other hand, if suit to settle an estate is necessary, interest accumulations may be prevented by diligence in proving and demanding payment of a claim against the estate.

It has been held that this statute does not apply where the personal representative has waived demand and he alone is affected by allowing interest on the claim; nor to cases where he has filed suit to settle an insolvent estate and creditors are required to present and prove their claims before a commissioner; nor where the claim is filed in suit within twelve months; nor if there be no administrator upon whom demand can be made. Croninger v. Marthen, 83 Ky. 662, 7 Ky. Law Rep. 599; Holmes' Adm'r v. Lusk's Adm'r, 78 Ky. 548, 1 Ky. Law Rep. 259; Richardson's Adm'r v. Banta, 23 S. W. 350, 15 Ky. Law Rep. 348; Jones v. Louisville Savings, Loan & Building Co., 58 S. W. 534, 22 Ky. Law Rep. 570; Boreing v. Faris, 127 Ky. 67, 104 S. W. 1022, 31 Ky. Law Rep. 1265. This case does not come within any of the above-enumerated exceptions. This court has construed the section as meaning that no interest on a claim against the estate of a decedent after his death will be paid unless such claim is properly proven and presented to the personal representative within one year after his appointment. Guill's Adm'rs v. Corinth Deposit Bank, 68 S. W. 870, 24 Ky. Law Rep. 482; Moran v. Hammer, 109 Ky. 333, 58 S. W. 988, 22 Ky. Law Rep. 831, and this same interpretation was given this statute in all other cases hereinbefore cited.

We find that the opinion in the case of Walker v. Bennett, 209 Ky. 675, 273 S. W. 548, 549, is out of harmony with this and the earlier cases herein cited as regards the construction of this statute, in that it in effect substitutes the word "until" for the word "unless" in the section under consideration in saying: ". . . And section 3884 of the Statutes forbids the allowance of interest on this claim until it is verified and its payment demanded." The court clearly fell into error in giving to the statute such a construction, and,

in so far as that opinion conflicts with this and the earlier cases cited with regard to the provisions of section 3884, it is hereby overruled.

Judgment affirmed.