CASE 28—PETITION ORDINARY—FEB. 24.

# Williams v. Gordon.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. MALICE IS AN ESSENTIAL INGREDIENT IN ACTIONS FOR SLANDER, and is a question of fact for the determination of the jury. (3 Dana, 141; 1 Mar. 224.)

    *It is necessary to allege in the petition* that the defamatory matter complained of was spoken maliciously. (2 Greenleaf, sec. —; 2 Chitty's Pl. 621; 1 Hilliard on Torts, 243 and 332.) Petition was defective in this case.

    *The allegation of malice will not be supplied by implication* or be presumed from the false publication of words which are *per se* slanderous.

2. PRIMA FACIE AND CONCLUSIVE PRESUMPTIONS.—Section 144 of the Civil Code refers to conclusive presumptions which the law raises from facts stated, and not to *prima facie* presumptions.

3. MALICE IS NOT CONCLUSIVELY PRESUMED from the fact that the defendant is alleged to have falsely charged the plaintiff with being a "horse thief." The law raises only a *prima facie* presumption that these words were spoken maliciously—they may have been spoken in jest, or upon an occasion or in a manner which would rebut the presumption of malice arising from the fact that they were false. (Trabue v. Mays, 3 Dana, 141.)

4. PLAINTIFF HAS A RIGHT TO AMEND after a demurrer is sustained to his petition.

    *Delay in tendering an amendment* did not prejudice the right of the plaintiff to amend his petition.

*When a demurrer to the petition is sustained after answer filed,* and at a subsequent term of the court, the right to amend is the same that it would have been at the appearance term, had a demurrer then been sustained.

THOMAS KENNEDY,
W. P. ROSS,  . . . . . . . . . . . . . For Appellant,
J. E. COOPER,  . .

CITED

Starkie on Slander, 360, 361.
Townshend on Slander and Libel, p. 135, secs. 44 to 48.
Civil Code, secs. 144, 115, 118, 161, 65, 173.
Revised Statutes, chap. 28, art. 8, sec. 2.
General Statutes, chap. 71, art. 4, sec. 1.
1 Greenleaf on Evidence, p. 40, sec. 34.
2 Greenleaf on Evidence, pp. 330, 418, 419.
2 Bouvier's Institutes, p. 514, art. 5.
1 Duvall, 59, Gregory v. McFarland.
4 Met. 149, Steadman v. Guthrie, &c.
4 Met. 284, Skillman, &c. v. Muir's adm'r.
1 Chitty on Pl., p. 389.    2 Chitty on Pl., pp. 621, 622.
1 B. Mon. 168, Hart v. Reed.
5 Bush, 435, Butts v. Turner.
1 Wendell, 93, Tobias v. Harland.
2 Starkie on Evidence, p. 362.    3 B. &. C. 190.
4 Met. 132, Taylor v. Moran.
19 N. Y. 176, Hunt v. Bennett.
10 Bush, 447, Harper v. Harper.

E. C. PHISTER,  . . . . .     . . . . For Appellee,

CITED

Civil Code, sec. 123.    2. Greenleaf on Ev. p. 330.
7 Bush, 459, Vinsen v. Lockard, &c.
8 Bush, 557, McNamara v. Shannon.
1 Chitty's Pl., p. 389.    2 Chitty's Pl., pp. 621, 622.
1 Hilliard on Torts, pp. 243, 332, secs. 165, 166.
1 B. Mon. 170, Hart v. Reed.
1 Saunders's Rep. 242, note 2.
2 Starkie on Evidence, p. 630, note *i*.
6 Gratt. 534, Moseby v. Moss.
4 Met. 127, Taylor v. Moran.
6 Bush, 600, Horton v. Banner.
7 Bush, 685, Downing v. Bacon.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This action for slander was brought by the appellant against the appellee, and the court having sustained a demurrer to the petition and refused to allow the filing of an amended petition to cure the adjudged defect in the original, the case has been brought here for revision.

The petition contains these allegations: "The plaintiff, John T. Williams, states that on or about the 10th day of May, 1869, and on divers days before and since, the defendant Joel T. Gordon, in the presence of divers persons, spoke of and concerning the plaintiff these false, slanderous, and defamatory words—to wit, 'John T. Williams is a damned horse thief,' thereby meaning that the plaintiff had committed the crime of horse-stealing."

In actions for slander malice is an essential ingredient, and is a question of fact for the determination of the jury. (Trabue v. Mays, 3 Dana, 141; Carrico v. Meldrum, 1 Marsh, 224.) And prior to the adoption of the Code of Practice it was necessary to allege that the defamatory matter complained of was spoken maliciously, or to use words of similar import. (2 Greenleaf, sec. —; 2 Chitty's Pleadings, 621; 1 Hilliard on Torts, 243; Ibid. 332.)

It is claimed, however, by counsel for the appellant that as malice is presumed from the false publication of words which are per se slanderous malice need not be expressly alleged in the petition, but will be supplied by implication; and section 144 of the Code, which provides that "neither presumptions of law nor matters of which judicial notice is taken need be stated in pleading," is relied upon to sustain their position.

That section of the Code was elaborately and carefully considered by this court in Gregory v. McFarland (1 Duvall, 59). It was said in that case that section 144 "is an enactment of an old rule of practice which is thus stated in Chitty's Pleadings: 'A fact which the law presumes need not be stated in

pleading;' and it must be interpreted in view of the decisions which illustrate that rule, though they can not be followed implicitly."

The conclusion reached in that case was "that, as a general rule, no fact need be stated, a conclusive legal presumption of which is raised by facts stated;" and "that, as a general rule, the statement of a fact constituting a cause of action or defense can not be obviated by the statement of a fact which raises only a *prima facie* presumption of the fact relied upon."

From the allegations in the petition in this case, that the defendant falsely charged that the plaintiff was a horse thief, the law raises a *prima facie* presumption that the words were spoken maliciously, and upon proof of the speaking of the words the plaintiff would have been entitled to a verdict if no opposing evidence had been introduced. But although the speaking of the words may have been proved or admitted, it would not necessarily follow that they were spoken maliciously. They may have been spoken in jest, or upon an occasion or in a manner which would rebut the presumption of malice arising from the fact that they were false. (Trabue v. Mays, 3 Dana, 141; Harper v. Harper, 10 Bush.)

As, therefore, malice is not conclusively presumed from the fact that the appellee is alleged to have falsely charged the appellant with being a horse thief, we are of the opinion that the original petition was defective and that the demurrer was properly sustained.

The petition in Harper v. Harper, *supra*, as quoted in the opinion, does not seem to have contained an allegation of malice; but no question as to the sufficiency of the petition was made in this court, and as our attention was not called to that subject, we do not regard that case as in any way in conflict with the conclusion arrived at in this.

But although the original petition was defective, the amended petition (designated in the record as No. 3) contained

the omitted allegation, and we are of the opinion that the court erred in refusing to allow it to be filed. The great delay in tendering it can not prejudice the right to amend. The appellee had answered without demurring, and was apparently willing to go to trial on the petition as it stood; and as soon as he brought the petition to the test of a demurrer and it was adjudged bad, the amendment was tendered, and the right of amendment was the same that it would have been at the appearance term had a demurrer then been sustained.

Wherefore the judgment is reversed and the cause is remanded, with directions to allow amended petition No. 3 to be filed, and for further proceedings.