BEN F. VERT v. B. W. NORMAN, ET AL.

**Slander—Sufficiency of Petition.**
> To make a petition for slander good it must be averred that the words charged to have been spoken were maliciously uttered. It is not sufficient to aver only that the words spoken were false and malicious.

APPEAL FROM GALLATIN CIRCUIT COURT.

October 3, 1877.

OPINION BY JUDGE PRYOR:

The case of *Williams v. Gordon,* reported in 11 Bush 693, is conclusive of this case. We are aware of no elementary authority, and

37

certainly no decision of this court can be found where it has been held that the allegation òf malice, that is, that the words, or words of like import, were spoken maliciously, can be dispensed with upon the idea that malice is presumed from the false publication of the words. It is not even alleged in this petition that there was any false publication of the words, or that the words were spoken maliciously. The words may be false and malicious words, and still not uttered maliciously. Words utttered may be untrue, and still the party uttering may not be guilty of any malicious intent in uttering them. To say of one "he is a rogue, he stole my horse," may be false words, or they may be termed malicious words; but an allegation that they, or words of like meaning, were maliciously spoken, must be made in order to constitute a cause of action.

In the case of *Williams v. Gordon* the allegation was, "The defendant, Joel T. Gordon, in the presence of divers persons, spoke of and concerning the plaintiff these false, slanderous and defamatory words, to wit, 'Joel T. Williams is a damned horse thief'." The only difference in the two cases is that in the first case it is alleged that the defendant spoke of the plaintiff "these false, slanderous and malicious words," substituting the words malicious for the word defamatory. If the petition is bad in the one case it must be in the other. The speaking of the words, if proven, is not conclusive of the fact that they were uttered maliciously.

Circumstances surrounding the parties at the time, or other facts appearing in the cause, may conduce to show that no evil was intended thereby rebutting the presumption of malice; therefore the necessity of alleging, not that the words were false or malicious, but that they were maliciously uttered by the defendant. We are aware of the form in the Code of Practice on the subject, and although authority may be found to sustain it we can only say that it rests upon no elementary principle of pleading and is not sustained by any ruling of this court or elementary authority upon the subject. The demurrer to the petition should have been sustained. The judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*W. B. & H. M. Winslow, A. J. James, for appellant.*
*H. J. Abbett, for appellees.*