JUDGE COFER
delivered the opinion or the court.
The judgment appealed from in .this ease was rendered November 24, 1874, and the record was filed in the office of the clerk of this court January 22, 1877, and an appeal was then granted.
The appellee has filed a motion in writing asking that the appeal be dismissed because it is barred by limitation.
At the time the judgment was rendered, the time within which an appeal might be prosecuted was limited to three years (sec. 884, Myers’s Code); but at the time the appeal in this case was taken the time was limited to two years (sec. 745, Bullitt’s Code).
Whether the latter limitation or the former applies to this case, we need not decide, because in our opinion the motion to dismiss does not raise that question.
Section 757, Bullitt’s Code, provides that “If it appear from the record that an appeal was improperly granted, or that the appellant’s right to prosecute it further has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal;” and section 758 provides that “If the facts mentioned in section 757 be not shown by the record, the appellee may plead them by a verified answer, to which the appellant may file a verified reply; and the questions of law or fact thereon shall be heard and determined by the court,” etc.
These provisions are substantially the same as the provisions of sections 897 and 898 of Myers’s Code.
It was the practice of this court under the old Code to require the statute of limitations to be pleaded. That practice we think was correct, and should be adhered to.
It has been repeatedly held that the statute of limitations of actions can not be relied upon in an original action by demurrer or otherwise than by an answer. One of the grounds *413 of those decisions is, that the plaintiff would be deprived by the demurrer of an opportunity to show that he is within some of the savings in the statute.
The statute limiting appeals to two years also contains savings in favor of persons under certain disabilities, and to allow an appeal to be dismissed on motion would deprive the appellant of an opportunity to show that he was within some of them.
And moreover, as it does not appear that the appellant is not within some of the savings in the section imposing the limitation, it does not appear from the record that the appeal is barred.
The motion to dismiss the appeal must therefore be overruled.
The petition is fatally defective, and will not support the judgment. (Williams v. Gordon, 11 Bush, 693.)
Judgment reversed, and cause remanded for further proper proceedings.