CASE 90.—PROCEEDINGS BY SAMUEL STANLEY'S ADM'R
AND OTHERS FOR A SETTLEMENT OF THE
DECEDENT'S ESTATE.—February 22.

# Spradlin, &c., v. Stanley's Adm'r, &c.

Appeal from Floyd Circuit Court.

A. J. KIRK, Circuit Judge.

From the judgment the widow and children of the
deceased appealed.   Reversed in part.

1.  Appeal—Delay—Dismissal—Plea in Bar.—Where an appeal not
taken within the statutory time is sought to be dismissed on
that ground, the statute must be pleaded.
2.  Same—Objection in Court Below—Necessity.—A person sui
juris who stands by and permits a commissioner's report
allowing claims against the estate of decedent which are not
properly verified to be confirmed, and a judgment to be
entered, cannot for the first time on appeal object that the
claims were not properly verified.
3.  Infants—Actions Against Infants—Effect of Error—Reversal.—
As an infant cannot waive his rights by failure to object
during the trial, an erroneous judgment against an infant
must be reversed on appeal where his condition appears in the
record; and, where his condition does not appear, the error
may, under the express provisions of Civil Code Prac., section
518, be corrected by the court rendering the judgment.
4.  Executors and Administrators—Claims Against Decedents—
Verification—Sufficiency.—An affidavit to a claim against
a decedent, averring that there is "no legal offset or counter-
claim" against the demand, is insufficient within Ky. Stats.,
1903, section 3870, providing that demands against a decedent
must be verified by an affidavit stating that there is no "offset
or discount" against the same; the word "legal" rendering the
affidavit only a statement of the belief of the affiant as to the
legality of an offset, and the word "counterclaim" not being
synonymous with the word "discount."
5.  Same.—An affidavit in support of a claim against the estate

of a decedent must comply with Ky. Stats., 1903, section 3870, requiring such claims to be verified by the claimant or his agent or personal representative, and, if the demand be other than an obligation signed by decedent or a judgment, the same shall be verified by a person other than the claimant, who shall state that he believes the claim to be just and give the reasons for his belief.

6. Same—Limitations—Pleadings—Necessity.—The objection that a claim against a decedent is barred by limitations, as a ground for refusing to order a sale of land to pay debts of a decedent, must be made in the circuit court by written exceptions, and, on such exceptions being filed, the claimant must be allowed a reasonable time to take proof, if he so desires.

JAMES GOBLE for appellant.

W. S. HARKINS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing in part.

Samuel Stanley died a resident of Floyd county on January 24, 1901, leaving a will by which, among other things, he directed his executor to pay his debts as soon as practicable after his death. F. P. Conley was appointed administrator of the estate with the will annexed, and, the personal property being exhausted, brought this suit on February 10, 1904, for a settlement of the estate and a sale of so much of the land as might be necessary to pay the debts. The widow and children were made defendants to the action. The children all being infants, a guardian ad litem was appointed for them. The case was referred to the commissioner to report the debts. He took proof and filed a report, allowing debts against the estate to the amount of something over $300. The report was confirmed without exception, and, the guardian ad litem having filed a report that after a careful examination of the record he was unable

to make an affirmative defense, the circuit court ordered a sale of the land owned by the testator, or so much of it as might be necessary to pay the debts and costs. This judgment was entered on June 28, 1904. The commissioner sold under the judgment a tract of land on August 22, 1904, for $450, which was sufficient to pay the debts, interest, and costs. William M. Conley was the purchaser. The land sold was appraised at $450. The report of sale was filed and con-confirmed without objection, and a deed made to the purchaser on October 28, 1904, the purchaser being awarded a writ of possession for the land. After all this, on the 24th of August, 1906, this appeal was sued out by the widow and children, the widow having in the meantime married a second time.

In the brief for appellees it is urged that the appeal should be dismissed as to the widow because not taken within two years after the judgment of sale was entered. But no plea of limitation has been filed. Where an appeal is sought to be dismissed on the ground that it is barred by limitation. the statute must be pleaded. It cannot be made available unless it is pleaded. Riley v. Reed, 13 Bush, 411.

The objections made to the proceeding rest mainly upon the ground that the claims allowed against the estate were not properly verified. No objection was made in the circuit court upon this ground. A party who is sui juris cannot stand by and permit the commissioner's report allowing claims against the estate which are not properly verified to be confirmed and a judgment to be entered without objection. and for the first time make the objection on appeal to this court that the claims were not properly verified; for, if the claims had been objected to in the circuit court, the claimants might have supplied the necessary affidavits. Where a party who is sui juris stands by and

permits the claims to be allowed without objection, he must be held on appeal to have consented to the allowance of the claims or to have waived his objection to the want of proper verification. The purpose of setting a commissioner's report of debts for exceptions in a case like this is to give the parties an opportunity to present to the court any objections they may have, and to allow parties sui juris to make no objections in the circuit court, and for the first time, on appeal to this court, insist that the claims were not properly verified, would defeat the object of the proceeding. In the case of Worthley v. Hammond, 13 Bush, 510, there was no commissioner's report. There had been no point in the proceeding at which defendant had been called on to make the objection, and the question of waiver was not considered.

But as to the infants a different principle applies.

They cannot waive any of their rights by mere failure to object. An erroneous judgment against an infant where his condition appears in the record must be reversed on appeal. Where the error does not appear in the proceedings or the condition of the defendant in the record, the error may be corrected by the court rendering the judgment. Civil Code Prac., section 518; Oliver v. Park, 101 Ky. 1, 19 Ky. Law Rep. 179, 39 S. W. 423. Sections 3870 and 3872, Ky. Stat., 1903, are as follows:

"Section 3870. All demands against the estate of a decedent shall be verified by the written affidavit of the claimant, or, in his absence from the State, by his agent, or, if dead, by his personal representative, stating that the demand is just, and has never to his knowledge or belief been paid, and that there is no offset or discount against the same, or any usury therein; and if the demand be other than an obligation signed by the decedent or a judgment, it shall also be

verified by a person other than the claimant, who shall
state in his affidavit that he believes the claim to be
just and correct, and give the reasons why he so be-
lieves.''

''Sec. 3872. Before such affidavit is made, no action
shall be brought or recovery had on any such demand,
nor until demand of payment thereof has been made
of the personal representative, accompanied by the
required affidavit.''

The affidavits to the claims are not sufficient. An
affidavit that there is no legal offset or counterclaim
against the claim does not comply with the statute.
The word ''legal'' is not in the statute, and the inser-
tion of this word renders the affidavit only a state-
ment of the belief of the affiant as to the legality of
an offset against it. The word ''counterclaim'' is not
synonymous with ''discount.'' ''Discount'' is any
deduction, while ''counterclaim'' is ordinarily used
to signify some claim against the debt. If the charges
are more than reasonable, or if the consideration of
the contract has partly failed, there would be a dis-
count against the claim, although not a counter-claim
in the ordinary use of the term. Many of the affidavits
do not state that the claim is unpaid. The affidavit
of the claimant must conform to the statute, and, if
the demand be other than an obligation signed by the
decedent or a judgment, it must be verified by a per-
son other than the claimant, who must state facts
showing that the claim is just, in addition to the state-
ment that he believes the claim to be just and correct.
The proof taken by the master would seem to estab-
lish the justice of the claims, but for want of proper
verification by the claimants no judgment should have
been entered in favor of the claimants as against the
infants. We see no error in the sale or in the order
confirming the sale, and the title of the purchaser at

the sale is not affected by the reversal of the judgment. Yocum v. Foreman, 14 Bush, 494. The commissioner reports that the land sold is part of that ordered to be sold, and there is nothing in the record to show that he did not comply with the order of the court.

On the return of the case to the circuit court, the claimants will be given a reasonable time to file the proper affidavits verifying their claims. It is insisted that some of these claims are barred by limitation, but this objection must be made in the circuit court by written exceptions, and, if exceptions are filed, the claimants should be allowed a reasonable time to take proof, if they desire. As the claims have all been allowed by the commissioner, another reference will be unnecessary. On final hearing the court will enter such judgment as is necessary to do justice between the parties.

The judgments appealed from are affirmed as to the adult appellants, but as to the infant appellants the judgment confirming the commissioner's report of debts and ordering a sale of the land is reversed.