## Tanner v. Ayer, Jr., Administrator.

(Decided May 26, 1925.)

### Appeal from McLean Circuit Court.

1. Executors and Administrators—Creditor Held Entitled to Institute Suit for Settlement of Estate and for Judgment on his Claims.—Where more than 6 months had elapsed since administrator qualified, and no suit for settlement had been brought by him, plaintiff. as a creditor of deceased held entitled, under Civil Code of Practice, section 428, to institute suit for the settlement of the estate and for judgment on his claims against the estate.

2. Executors and Administrators—Claimant's Affidavit Accompanying Claim Arising on Obligation Not Signed by Deceased is Insufficient, if Not Properly Supported by Another Witness.—Claimant's affidavit accompanying his claim against estate arising from an obligation not signed by deceased is insufficient, under Kentucky Statutes, section 3870, if not properly supported by verification of another witness.

3. Executors and Administrators—Verification of Claim Arising from Obligation Not Signed by Deceased, Supported by "Deposition," Held Sufficient Verification within Statutory Requirement.—Verification of claim arising from obligation not signed by deceased, supported, not by affidavit as prescribed by Kentucky Statutes, section 3874, but by deposition, held sufficient verification of claim within sections 3870, 3874, in view of definition of affidavit in Civil Code of Practice, section 544, and of definition in section

545 of a deposition, namely, a written declaration under oath made upon notice to the adverse party for the purpose of enabling him to attend and cross examine, or upon written interrogatories.

L. P. TANNER for appellant.

JOE H. MILLER and R. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

About two years after the qualification of Alf Ayer, Jr., as the administrator of G. S. Pearce, H. Clint Tanner and his wife, Gertrude Tanner, who was a daughter of Pearce, brought suit against the administrator, heirs and creditors of the intestate for a settlement of the estate.

Among other allegations of the petition are these: On May 10, 1911, intestate, G. S. Pearce, and H. Clint Tanner as his surety executed and delivered a note for $1,000.00 payable to the Bank of Livermore ninety days from date. On August 10, 1911, plaintiff paid the Bank of Livermore the full amount of said note, at which time the bank transferred, assigned and delivered the note to plaintiff; but failed to make the assignment in writing. Thereafter, G. S. Pearce acknowledged and recognized said note as his obligation to plaintiff, and on July 3, 1920, paid plaintiff the amount of interest due thereon to said date. The petition also contains the following allegation: On May 8, 1911, G. S. Pearce with one R. M. Howard as surety executed and delivered to the Bank of Calhoun a promissory note for $800.00 due ninety days from date. On the 27th day of July, 1911, plaintiff, H. Clint Tanner, at the instance and request of said Pearce, paid the bank the face value of the note. The bank then delivered the note to plaintiff, but by mistake the note was stamped "paid" when in fact it should have been assigned to plaintiff. From that time on Pearce regarded the note as his obligation to plaintiff and on July 3, 1920, paid plaintiff the amount of interest then due. The petition further alleged that each of these claims properly verified had been presented to the administrator and payment demanded, but refused. Accompanying the petition were separate affidavits of H. Clint Tanner verifying each of the claims, but there were no supporting affidavits. The petition not only asked for a settlement of the estate, but for judgment on the claims. The administrator filed motions to verify

and elect and also a demurrer. Without waiving the motions or demurrer he then filed an answer denying the allegations of the petition and pleading limitation. To the answer plaintiff filed a reply. On motion of plaintiff the cause was referred to the master commissioner to audit and settle the accounts of the administrator. The commissioner filed a report to the effect that the two notes, one for $1,000.00 to the Bank of Livermore, and the other for $800.00 to the Bank of Calhoun, being contested by the defendants were not passed on by him, but were referred to the court. To this part of the report plaintiff excepted. Thereupon defendants moved the court to dismiss the action because plaintiff had failed properly to verify his claims. In support of his claims plaintiff took several depositions. He not only produced the original checks with which the two notes were paid, but proved their payment by other witnesses and also the payment of interest on each on July 3, 1920. On final hearing the chancellor overruled the demurrer to the petition, as well as defendants' motion to require plaintiff to elect. He also overruled plaintiff's exception to the commissioner's report and entered judgment dismissing the plaintiff's claims without prejudice on the ground that they were not properly verified. From that judgment this appeal was prosecuted.

The action of the court in overruling the motion to elect was proper. As more than six months had elapsed since the qualification of the administrator, and no suit for the settlement of the estate had been brought by him, appellant as a creditor of the decedent had the right to bring an action in equity for the settlement of the estate. Section 428, Civil Code. As one of the principal purposes of a settlement suit is to afford creditors an opportunity to present and have their claims against the estate allowed, there is no reason why a creditor should be required to file one suit for a settlement of the estate, and another suit to recover on his claims.

It remains to determine whether the verification of the claims was sufficient. Under the statute, a claim not based on an obligation signed by the decedent must be verified not only by the claimant, but by another person. Section 3870, Kentucky Statutes. As the notes in question were not executed by the decedent to appellant, the claims were not founded on obligations signed by him, but arose out of a liability imposed by law. Therefore, the affidavit of appellant was insufficient if not properly

supported. Nutall's Admr. v. Brannin's Exors., 5 Bush 11. The contention is that it should have been supported by affidavit. It is true that the statute forbids the payment or allowance of a claim against the decedent's estate unless verified by affidavit. Section 3874, Kentucky Statutes. But it must not be overlooked, that under our Code "an affidavit is a written declaration under oath made without notice to the adverse party." Section 544, Civil Code, while "a deposition is a written declaration under oath made upon notice to the adverse party for the purpose of enabling him to attend and cross-examine; or upon written interrogatories." Section 545, Civil Code. It will thus be seen that a deposition is an affidavit with the right of cross-examination by the adverse party, and is therefore a higher type of proof. Here, the claims were contested. Appellant's proof was taken by deposition and appellee had the opportunity to cross-examine the witnesses. If the facts had been stated in affidavits, they would have been sufficient, and it would be trifling with justice to say that they were not sufficient because they were presented by way of deposition. It follows that the claims should have been allowed and not dismissed without prejudice.

Judgment reversed and cause remanded with direction to enter judgment in conformity with this opinion.