## Eizabeth J. Walker, Executrix of J. D. Walker v. E. R. Bennett, Executor of J. A. Bennett.

(Decided June 19, 1925.)

## Appeal from Spencer Circuit Court.

1. Executors and Administrators—Amendment of Petition on Claim Held Not Prejudicial, Where Court Required Plaintiff to Pay Costs Incurred.—Where defendant moved to dismiss plaintiff's suit for lumber sold defendant's decedent for failure·to verify claim and to demand payment before suit was filed, as required by Kentucky Statutes, sections 3870, 3872 and thereupon plaintiff made proper proof of claim, and demanded payment thereof, which defendant refused, amendment of petition alleging proper verification ·and demand held not prejudicial, where court required plaintiff to pay costs incurred in ·old ·suit.

2. Witnesses—Witness' Testimony as to Sale of Lumber by Decedent Not Rendered Inadmissible Because he Was Given Small Bequest.—In executor's action for lumber sold to defendant's decedent, testimony of witness for plaintiff who sold lumber was not inadmissible because he was ·willed $500 by ·plaintiff's decedent, where decedent's· estate above his debts was worth· approximately $50,000.

3. Limitation of Actions—Executor's ·Suit for Lumber ·Sold to Defendant's Decedent Held Not Barred by Limitation.—Suit by ex· ecutor for lumber sold by decedent to defendant's decedent, filed on April 11, 1923, held not barred by limitations, in view of Kentucky Statutes, section 2518, where sale was made in 1920, and thereafter decedent died and executor qualified on December 6, 1920, section 3847 forbidding suit against defendant before June 6, 1921, which period must be excluded in computing time for running of limitations.

4. Executors and Administrators—Interest Not Allowable on Claim Against Estate Until Claim Proven and Payment Demanded.— Where claim against decedent's estate was not proven, and its payment demanded until more than year after executrix had qualified, no interest can be allowed, in view of Kentucky Statutes, section 3884, until date of proof and demand.

THAD CHEATHAM for appellant.

BECKHAM & GILBERT and L. W. ROSS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellant was defendant below, and seeks here to reverse a judgment which appellee, plaintiff below, recovered against her for $1,018.08 with interest from

January 1, 1921. Plaintiff claimed in its petition filed December 7, 1922, that in 1920 J. A. Bennett's estate sold to J. D. Walker, building material to the extent of $1,318.08, upon which Walker paid $300.00 July 31, 1920. Defendant filed her affidavit and moved to dismiss this petition because of plaintiff's failure to properly verify the claim, and to demand its payment before this suit was filed. On April 10, 1923, plaintiff made new and proper proof of the claim and demanded payment thereof, which defendant refused. On the next day plaintiff filed in the office of the clerk of the lower court, an amended petition, alleging this proper verification and demand. Defendant renewed her motion to dismiss. On June 13, the court overruled the motion to dismiss, but required plaintiff to pay all costs incurred to that date. This was properly done. Section 3870 of our statutes requires that claims against a decedent's estate be verified by the claimant. Section 3872 of the statutes forbids suit until claim is verified, and section 3884 denies to claimant any interest upon his claim unless he makes this verification and demand within one year after the personal representative qualifies.

On April 11 this claim had been verified, and its payment demanded as required by law. Plaintiff could then have abandoned his pending action and have begun a new one. He filed an amended petition in the pending suit, upon which process was issued, and on May 2 this was served on defendant. The only way in which this amendment could have in any way been any greater burden upon defendant than a new suit would have been, was there had been some costs incurred in the old suit. The court required plaintiff to pay that cost, hence defendant was in no manner prejudiced by that.

Defendant in her answer first denied the debt, then pleaded that the action was barred under section 2518 of the statutes, and in a concluding paragraph pleaded payment. The plaintiff's motion to require the defendant to elect upon which defense she would rely was overruled. The reply made up the issues. The evidence was heard by a jury under proper instructions, and upon its verdict the judgment appealed from was entered.

We have already disposed of the principal errors which defendant claims were made, but defendant says that incompetent evidence offered by the plaintiff was admitted by the court. This lumber was sold by one E. C. Bennett, who was allowed to testify about the sale.

The lumber was a part of the estate of J. A. Bennett. The bulk of the estate and this lumber business were by J. A. Bennett's will devised to E. R. Bennett. The only devise made to E. C. Bennett was $500.00. The proof indicated that J. A. Bennett's estate above his debts was worth approximately $50,000.00. Thus it appeared that E. C. Bennett was in no way interested in this debt; hence was not testifying for himself, and his evidence was properly admitted.

This claim was not barred by limitation, because the sale was made in 1920, and section 2518 of the statutes did not begin to run until January 1, 1921. Upon January 1, 1923 the bar would have been complete but for the death of J. D. Walker and the qualification of his executrix on December 6, 1920. Section 3847 of the statutes forbade suit against defendant before June 6, 1921. This period must be excluded in the computation of time when limitation is relied on. Fields v. Wallace, 6 Mon. 333. Thus this action would not have been barred until June 6, 1923. On April 11, 1923, plaintiff's amended petition was filed, and this action was therefore begun in time.

No interest should have been allowed on this claim until it was proven, and its payment demanded, which was April 10, 1923. That was more than one year after the executrix qualified and section 3884 of the statutes forbids the allowance of interest on this claim until it is verified and its payment demanded. The lower court will correct its judgment accordingly. With this correction made, the judgment is affirmed.