# Wallace & Tiernan Company v. Davis et al.

(Decided December 18, 1928.)

WILSON & WILSON for appellant.

B. P. WOOTTON and E. C. WOOTON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

By a written contract made February 28, 1922, the Hazard Water Company sold to the city of Hazard its water system, including pumps, boilers, pipes, hydrants, and all other property belonging to it in the city. The city paid the consideration, $12,000, and took possession. The company then divided among its stockholders the

money received, after paying certain obligations, leaving unpaid the debt of the Wallace & Tiernan Company for $420. That company then brought a suit against the water company and recovered judgment for its debt; execution issued on the judgment, and it was returned no property found. Then this action was instituted by the Wallace & Tiernan Company against B. P. Wooten, as administrator of W. O. Davis, B. W. Baker, and J. L. Morrison, alleging that Davis, Baker, and Morrison were three stockholders of the water company to whom the above money was paid. Davis died before the institution of the action, and Wooten was his administrator. The issues were made up, proof was taken, and on final hearing the circuit court dismissed the petition. The plaintiffs appeal, but have made appellees only B. P. Wooten, administrator of W. O. Davis, and J. L. Morrison. They have not appealed against Baker, as the proof showed he did not get any of the money.

In his original answer Wooten as administrator denied that demand had been made of him for payment of the claim before the suit was brought. But no rule was taken out for the plaintiff to show cause why the action should not be dismissed, and later this answer was withdrawn and another substituted for it which made no issue on this question. The failure to make demand for the payment of the claim before the suit was brought was therefore waived. But it is earnestly insisted for the administrator that the judgment was proper under section 3872, Kentucky Statutes, which provides that "before such affidavit is made, no action shall be brought or recovery had on any such demand." Under this section it has been held that it is error to enter a judgment on such a claim by default without proof of the correctness of the claim. But in this case the depositions which were taken clearly establish the correctness of the claim. The affidavit of the attorney in the usual form was made verifying the claim. But it is said that this was not sufficient proof, because the judgment against the water company did not make out a prima facie case against W. O. Davis' estate, and that to show these facts additional affidavits should have been filed of third persons. But the depositions which were filed were given by competent witnesses, and these depositions were a higher type of proof than affidavits, and fully satisfied the statute. Spradlin v. Stanley, 124 Ky. 701, 99 S. W. 965, 30 Ky.

Law Rep. 928; Bailey v. Hampton Grocery Co., 189 Ky. 265, 224 S. W. 1067; Tanner v. Ayer, 209 Ky. 247, 272 S. W. 720. It is clear therefore that the action should not have been dismissed for want of verification and proof.

It is insisted for Morrison that he is not liable because he had sold his stock to Davis. The proof is that he made a contract with Davis some 18 months before the sale to the city, by which he agreed to sell Davis his stock and Davis was to pay him in certain installments. But he did not deliver the stock to Davis; no change was made on the stock book. He continued as the holder of the stock on the record, and in fact it clearly appears that he was not to deliver the stock until he got the money. When the sale was made he did get the money, and then delivered the stock. His liability to the creditors of the corporation was in no manner affected by this arrangement, whatever his rights may be as between him and Davis.

The rule is well settled "that stockholders who divide up and convert to their own use corporate assets without paying its debts must respond personally to creditors to the extent of the value of the corporate assets thus wrongfully received by them." Martin v. City of Lexington, 183 Ky. 715, 210 S. W. 484. Davis and Morrison, who received the money paid by the city, are therefore clearly liable to appellants for their debt with interest and costs. The city required the water company to give a bond of indemnity, providing that the water company would pay all of its obligations. The creditors of the water company, it is true, might sue upon this bond, but they are not required to do so. They may in the first instance sue the stockholders who got the money, for they are in fact the persons who should pay, rather than the sureties in the bond.

Judgment reversed, and cause remanded for a judgment in favor of appellant.