## Marshall v. Ireland et al.

(Decided February 5, 1929.)

W. A. BERRY for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Carrie V. Marshall died in 1925. Her husband died in 1894. He left her money and property of the value of about $15,000. She left an estate of the value of about $17,000. The appellant (T. H. Marshall) and V. J. Harris were appointed administrators of her estate. The appellant presented a claim against the estate for $5,000 for services rendered to her between the date of the death of her husband and her death. Exception were filed to this claim, but they were overruled by the county court, and an appeal was taken to the circuit court, where the amount of the claim was reduced to $2,500. The exceptions were on the grounds that the claim was not proven according to law; that all of it was barred by lim-

itation, except for the five years immediately prior to her death; and the value of the services was not greater than $2,000.

It is the contention of appellant that at the request of Carrie V. Marshall he began his services to her in the management of her affairs immediately after the death of her husband, and that the services continued at her request until her death. It is his contention that he looked after her business and managed her affairs almost exclusively during these years. He loaned out her money and collected it for her; he collected her interest, assessed her property for taxation, and paid her taxes; she called on him at all times when she had business to attend to, and he always responded; that frequently, and from time to time, she admitted her obligation to him in a financial way, and promised to pay him for the services which he rendered; that her promise was that she would pay him such a sum as was reasonable and just; that a few months prior to her death she renewed the promise to him in the presence of others, and then said she would not only pay him for the services he had previously rendered, but would pay him for such services as he might continue to render; and that, if she did not pay him while she lived, she would make provisions for him in her will, to the extent that he should be reasonably compensated.

It is substantially established by the proof that he rendered the services as claimed by him, and it is proven that just prior to her death she told him, in the presence of others, that it was her purpose to either pay him before her death, or to provide for him in her will. Appellees contend that, if appellant's claim is based upon an express contract, he has failed to prove it, and if it is based on an implied contract the five-year statute of limitations (Ky. Stats., sec. 2515) applies to all of his claim, except that for services rendered during the five years immediately prior to her death.

The opinion in the case of Combs v. Beatty, 3 Bush (66 Ky.) 613, appears to decide that the statute applies to such a claim. The opinion in the case of Whitley v. Whitley, 80 S. W. 825, 26 Ky. Law Rep. 134, appears to decide that a promise to furnish support to one during his life is a continuing contract from year to year, and that the right of action accrues yearly for failure of the promisor to keep his promise. But we have a different question before us. A few weeks before her death, in speaking of the services rendered by appellant, Mrs. Mar-

shall said to him: "I will amply pay you; if I don't do it before I die, I will fix it in my will. You will be amply paid for your services and all along down to the present time."

It is argued that this evidence is not sufficient to establish an express contract. We think the evidence is sufficient to establish the contract. Such claims may be upheld when they are founded on a contract which is established by convincing proof, but the evidence must not be uncertain. The evidence in this case is stronger than in the cases of Newton's Ex'r v. Field, 98 Ky. 186, 32 S. W. 623, 17 Ky. Law Rep. 769; Reynolds v. Reynolds, 92 Ky. 556, 18 S. W. 517, 13 Ky. Law Rep. 793; Bolling v. Bolling, 146 Ky. 313, 142 S. W. 387, Ann. Cas. 1913C, 306; Armstrong v. Shannon, 177 Ky. 547, 197 S. W. 950: Lucius v. Owens, 198 Ky. 114, 248 S. W. 495; Broughton, v. Broughton, 203 Ky. 692, 262 S. W. 1089. In each of the foregoing cases this court held that the evidence was not sufficient to establish an express contract. It requires more than a casual conversation, or the mere expression of an intention, to establish such a contract. The minds of the parties must meet, and the evidence must establish that the party performing the services expected compensation, and the person for whom the services were rendered must know of such expectation and agree to satisfy it. Unless the rule is strictly applied, the danger of spoliation of estates would arise, and the predatory and unscrupulous would be given an opportunity to easily make it appear that there was such a contract, when in fact there may have been nothing more than the generosity of the one who has died, or no more than casual remarks or the expression of beneficent intentions.

The appellant was the grandson of the husband of Mrs. Marshall, but he was not related to her. There is a line of distinction between the cases which have been before this court, where one was claiming compensation for services when he was under some moral obligation to render them, or when the relationship between the parties showed that he should have rendered them, and the cases where the services were rendered by one under no such obligation and having no responsibilities growing out of relationship.

In this case the appellant not only performed the services when he was under no obligation to do so, but he did so at the request of Mrs. Marshall. The extent and

continuity of his services would indicate that he expected compensation, and the circumstances are such as to show that Mrs. Marshall would hardly have accepted his services without expecting to pay him. Taking into consideration these facts and circumstances, coupled with the proof that, after the services had nearly all been rendered, she recognized their performance with the promise and agreement to make compensation to him for them, either before her death or by making a suitable provision in her will, we are of the opinion that the contention of counsel for appellees that there was not sufficient proof to uphold the judgment is not well taken.

The only question left for consideration is whether the amount fixed as the value of the services is substantially correct. We have many times written that the chancellor, having before him the parties and witnesses, and being familiar with local conditions and surrounding circumstances, is in a position to better weigh the evidence than this court. He fixed the value of the services at $2,500. That is a substantial sum, and we would not be justified on this record in disturbing his findings.

Judgment is affirmed on both the appeal and the cross-appeal.