## Flimin's Administratrix v. Flimin.

(Decided Oct. 19, 1934.)

EATON & BOYD for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This is an appeal by May M. Hunt, as the administratrix of the estate of Harry Flimin, from a judgment in favor of Violet Michael Flimin against his estate for the sum of $2,600 and interest from date of suit on January 13, 1933, and costs.

The facts as shown by the record are that Violet Michael and Harry Flimin were in 1929 married in Paducah, Ky., shortly after which they moved to Muncie, Ind., where Harry Flimin opened up a car-wrecking business under the style of "Bear Cat Auto Parts Co." It further appears that he was assisted in entering and operating this new business by his wife, who loaned him for such purpose the sum of $2,000 in April, 1930, $400 in May, and $200 in June, which amounts he put into this business undertaking. Later, in the November following, while his wife was visiting her mother in Paducah, Flimin sold out his business and left Muncie, thereafter living in various cities, from where he wrote

his wife that he had abandoned her. Suit was filed by her on such ground for a divorce, which was decreed her in April, 1932.

On June 12, 1932, following, Harry Flimin met with an accidental death, when the appellant, May N. Hunt, was duly appointed and qualified as administratrix of his estate. Thereupon, on July 12, 1932, the appellee filed with the appellant, as administratrix, her duly proven and verified claim for the three amounts of money she had loaned the decedent, totalling $2,600 as stated above, with interest thereon from date, with demand made upon her for its payment, which was by the administratrix refused.

It having developed that the decedent had died leaving insurance to the extent of several thousand dollars, and that by one of the policies, which was issued him by the New York Life Insurance Company, he had named the appellee, his then wife, as beneficiary therein, she instituted suit in the McCracken circuit court upon the policy against the New York Life Insurance Company, seeking to recover its amount of $1,928, and named as codefendant therein the appellant as administratrix of the insured decedent's estate. An adverse judgment being rendered in this action, she appealed therefrom to this court, where the judgment was affirmed in October, 1933, in the reported case of Flimin v. Flimin's Adm'x, 250 Ky. 827, 64 S. W. (2d) 165.

During the pendency of this appeal, the appellee on January 13, 1933, instituted a second action in the McCracken circuit court against the estate of her former husband, seeking recovery of the loan made him, wherein, by her petition, she alleged the facts hereinabove set out of Flimin's death in June, 1932, the qualification of the appellant as administratrix of his estate, and the filing of her duly verified and proven claim with her for the three amounts loaned the decedent with interest, with demand of payment, which was refused, though the same was alleged to be long past due and remained wholly unpaid, for which amount loaned of $2,600, with interest from date of loans and costs, judgment was asked. No verification of the petition was made nor was any demurrer filed to it, testing its legal sufficiency, upon the alleged ground that it was defective because of lack of verification as well as for its omission of certain alleged material allegations. Defendant, without moving for verification of the petition or demurring thereto,

filed answer joining issue on the allegations of the petition, and further pleaded abatement of the suit by reason of the then pendency in this court of her appeal from the judgment in her former action.

The plea in abatement was sustained until the determination of the appeal in October, 1933, when appellant filed a second amended answer, pleading that plaintiff's suit was barred by the decree rendered in her divorce suit, which she contended or averred was a settlement of all property rights between them as husband and wife, embracing the loan sued for, which it was alleged grew out of their marriage relationship. Demurrer was sustained to this amended answer.

Plaintiff, to establish her claim, introduced the testimony of three witnesses, by which she sought to establish that the decedent had in April, 1930, borrowed from her the sum of $2,000, and that she had also loaned him the further sums of $400 and $200 in the following months of May and June, which she had obtained from her sister, Mrs. Silverstein; that the decedent had spoken to these witnesses about needing and wishing to borrow more money, required by his business, and that he had told them, at such time, of having received the loans in question from his wife.

No proof whatever was introduced by the defendant, administratrix, either tending to support her denial that the loans were made as alleged or that, if made, they remained unpaid at the time of decedent's death, two years thereafter in June, 1932.

Upon submission and trial upon the merits of this cause, upon the pleadings, this proof, and the instructions of the court, by which the jury was directed that, if they should "believe from the evidence in this case that the deceased, Harry Flimin, at the time of his death was indebted to the plaintiff, Violet Flimin," they should find for the plaintiff not exceeding the sum of $2,600, the amount claimed in the petition, but, unless they should so believe from the evidence, "the law is for the defendant and you should so find," the jury returned a verdict finding for the plaintiff in the sum sued for of $2,600. The plaintiff thereupon moved the court to allow interest on the several amounts constituting the loan from their respective dates upon which made until paid, which motion was overruled and judgment entered upon the verdict for the full amount of $2,600, with in-

terest thereon, not from date, but from January 13, 1933, the date on which suit was filed.

Complaining of this judgment, the defendant filed motion and grounds for a new trial and later for a judgment notwithstanding the verdict, both of which were overruled.

Criticizing the propriety of such rulings, the defendant has prosecuted this appeal. Also the plaintiff, here appellee, has moved for a cross-appeal, upon the ground cited in her motion therefor, that the court erred in refusing to allow interest on plaintiff's claim from the date of July 12, 1932, upon which date it was filed, with demand for payment, with the administratrix, and in allowing her interest thereon only from the date, some six months later, of filing her suit, to wit, in January, 1933.

The appellant, in support of her appeal for reversal of the judgment, contends that the same in so awarding recovery to the plaintiff (the appellee) was erroneous, for the reasons: (1) That the petiton was not verified; (2) that its allegations were insufficient; and (3) that the proof supporting her claim was insufficient because of its failure to show that the money loaned the decedent by appellee was never repaid her.

We find ourselves unable to agree with these contentions. Appellant by brief of counsel states and contends that she did not demur to the petition upon the grounds of its insufficiency, both for want of verification and material allegations, because of her belief that a demurrer thereto would be met by appellee by amending such defects in her petition, and that therefore she elected not to demur thereto, but to deny all of its material allegations by joining issue thereon, deferring the raising of her objections thereto until appellee should go to the jury on her proof, when such questions would be raised by appellant upon a request for peremptory instructions, which course she followed by requesting at the conclusion of the evidence a peremptory instruction upon the alleged ground that the petition was wholly defective in failing to allege necessary facts to constitute a cause of action and because it was not verified.

It is sufficient answer to this contention, which we do not regard as meritorious, that we have repeatedly, upon like insistence, held adversely to such contention

as here advanced by appellant in reliance upon the provisions of sections 3870, 3872, and 3874 of the Statutes.

In the case of Bootes v. Gwinner's Adm'r, 251 Ky. 322, 64 S. W. (2d) 904, 906, in passing upon a like question, the court quoted with approval from the opinion given in the case of Hall et al. v. Murphy's Adm'r, 214 Ky. 691, 283 S. W. 1066, wherein it was said:.

> "While the demand provided in those sections may be waived, this court in a long line of decisions has held that the provision as to verification is mandatory, and judgment cannot be entered before this is done."

In the Bootes Case it was held that "this does not mean that a pleading is demurrable for want of such verification," and continuing:

> "In Harding v. Bullard [172 Ky. 416, 189 S. W. 242, 245], supra, the court, referring to Lyon's Ex'x v. Logan County Bank's Assignee, 78 S. W. 454, 25 Ky. Law Rep. 1668; Usher's Ex'rs v. Flood, 17 S. W. 132, 12 Ky. Law Rep. 721; Tipton's Adm'r v. Richardson, 54 S. W. 738, 21 Ky. Law Rep. 1195, said:
>
> " 'It was held that the personal representative had waived both demand and verification of the claim, but all these were cases in which the personal representative had made defense on the merits in the court below without objection to such want of demand and verification. * * * A personal representative, after negligently failing to avail himself of the protection designed by the statute in requiring demand of payment and verification of the claim, and suffering defeat in a trial on the merits in the court below, should, on appeal, in all fairness, be estopped by such negligence from making complaint of the want of such demand and proof.'
>
> "It is obvious from what has been said that it was appellee's duty to proceed by motion to have appellant verify her claim as required by the statute, instead of by demurrer. In Thomas' Ex'r v. Thomas, 15 B. Mon. [54 Ky.] 144, it is said:
>
> " 'It was too late, after the plaintiff had gone through his testimony, to raise his objection for the first time, that the plaintiff had not complied with this preliminary duty.'
>
> "See, also, Stix, etc., v. Eversole's Adm'r, 106

Ky. 516, 50 S. W. 832, 21 Ky. Law Rep. 3, in which it is held that a personal representative may waive the demand required by section 3872 of the Kentucky Statutes, and [even] the filing by him of a general demurrer to the petition against him for a claim against his decedent is a waiver of such demand.''

It is further in this connection to be noted that plaintiff in her petition alleged that she had, previous to the filing of her petition, to wit, on July 12, 1932, properly proven her claim sued on against the estate, by her own affidavit and the affidavit of another who was not interested in said claim, and duly filed her claim, so proved and verified as by the said statute required, with the adminstratrix of the estate, with a demand for payment thereof, which had been refused. and which she continued to refuse to pay or any part thereof, although the same was long past due and wholly unpaid. This allegation of plaintiff's petition as to proof and demand of claim made before suit thereon was not denied by defendant's answer. The provisions of section 3874 of the Statutes only provide that ''no demand against a decedent's estate shall be paid by his personal representative, * * * which is not verified by affidavit as required,'' but not that the affidavit mentioned should be incorporated in the petition nor that such required proof of claim cannot be otherwise made than by affidavit or verification of petition. To such effect was it held in Tanner v. Ayer, 209 Ky. 247, 272 S. W. 720, that depositions, taken in the action upon the claim, might satisfy the statutory requirement of an affidavit as an effective verification of the claim. To like effect see, also, Bailey's Adm'r v. Hampton Grocery Co., 189 Ky. 261, 224 S. W. 1067, where it was held to be a substantial compliance with the requirements of section 3870 of the Statutes as. to verification and proof of claims that depositions of witnesses showed them to be just and unpaid, although there was no affidavit to such effect, and further holding that, while a personal representative might defeat an action by rule to show cause why it should not be dismissed for want of verification, yet, if he pleads to the action without objection and leaves the controversy to be determined on its merits, his failure to deny any material averments of the adversary's pleading would admit the truth of them.

Next turning our attention to appellant's objections

2 and 3, which may be considered together, appellant contends that, in a suit against decedent's estate, the same allegations must be contained in the petition that are contained in the proof of claim required to be filed with the personal representative, and, should the petition fail to contain such allegations, it is, because of such failure, so defective as not to warrant a judgment. The cases last cited were suits against decedents' estates, where, in construing the requirements of the sections of the Statutes cited supra, it was expressly held to the contrary. Nor do we conclude that the court erred in overruling defendant's motion for a judgment non obstante under the pleadings, upon the alleged ground that the judgment was granted in violation of the provisions of sections 3872 and 3874 of the Statutes prohibiting the bringing of an action for recovery on a claim against the decedent's estate until demand of payment and verification by affidavit had been made of the claim, as here it was by the petition alleged and undenied by defendant, that such demand of payment and due verification of the claim had been made and filed with the administratrix before her filing of the suit.

Appellant next insists that the proof made by plaintiff in support of her claim was insufficient to support the judgment or to warrant the instruction given by the court, for the reason that the plaintiff failed to show, or introduce any proof tending to show, that, after the making of the loan, as claimed, to the decedent in 1930, it had not been repaid by decedent at some time during the period intervening between the making of the loan and decedent's death in June, 1932. No plea of payment was made by the defendant, save argumentatively, by denying that the loan remained unpaid, which was ineffective to raise a presumption or to shift the burden of proving no payment; nor was such or any such presumption raised by reason of her failure to make proof that the debt was not paid, particularly here, where the plaintiff was, under the provisions of section 606 of the Civil Code of Practice, prevented from testifying as to anything about it.

We are of the opinion that the court's instruction as given was justified and fairly covered this evidence, in directing that, if the jury believed from the evidence that the estate of Harry Flimin "was at the time of his death indebted to the plaintiff," they would find for her not to exceed the amount claimed in the petition. This

instruction very fairly submitted the issue joined between the parties, under the pleadings and proof, as to whether or not the plaintiff had in fact made the loan as claimed of $2,600 to the decedent, and also, if made, whether or not the same or any part thereof had been repaid her, which is to say, whether or not (as instructed) the decedent died "indebted" to her. The jury having found from the evidence that the loan had in fact been made to the decedent, it was warranted in its further finding therefrom, under this instruction, in the absence of any evidence whatever to the contrary tendered to show decedent's repayment of the loan or any part of it, that Flimin died leaving his estate indebted to Violet Michael Flimin in the said amount sued for.

We are therefore, for the reasons stated, of the opinion that the judgment of the trial court should be and it is, to the extent it allows appellee recovery of her loan, affirmed. However, we further conclude that, the criticism of the judgment, presented by appellee's motoin for a cross-appeal, wherein she insists that the court erred in allowing interest on her loan only from the date of the filing of her suit, instead of adjudging it from the date of the filing of her claim with the appellant, is a just one. By section 3884 of the Statutes it is provided that no interest accruing after the death of a decedent shall be allowed or paid on any claim against decedent's estate unless the claim be verified and authenticated as required by law and demanded of the executor within one year after his appointment. Construing this statute, we have held that interest should not be allowed where creditor fails to prove his claim and demand its payment within the time allowed. Guill's Adm'rs v. Corinth Deposit Bank, 68 S. W. 870, 24 Ky. Law Rep. 482; Walker v. Bennett, 209 Ky. 675, 273 S. W. 548. Certainly a like fair interpretation of the intendment of this statute must be that, where the fact is the opposite of that stated in the statute where payment of interest is enjoined, the converse of such rule must also follow and be true, that, if such verification and demand of payment of the claim are made within the stated time upon the executor, interest in such case should be paid upon it. Appellee complains of the judgment, however, only in respect of its allowing her interest upon her debt from date of suing thereon in January, 1933, rather than from the earlier date of filing of

her claim with the administratrix, which it was admitted was on July 12, 1932. It is true that appellee, by her motion made upon the return of the jury's verdict, asked that she be allowed by the judgment thereon interest upon the three loans made Flimin in the total sum of $2,600 from their respective dates upon which made in April, May, and June, 1930, yet such prior request for allowance of interest may be treated as abandoned, as she has not renewed it in her cross-appeal, but therein seeks only for an allowance of interest as stated upon her claim from the date upon which filed with the administratrix rather than from January 13, 1933, when suit was filed as allowed her by the terms of the judgment, in such particular criticized.

We are therefore of the opinion that the appellee is entitled to relief of additional interest on the money loaned to the extent stated and sought upon her motion for a cross-appeal, and for such reason the judgment in otherwise ruling by denying interest on the claim as asked is, we conclude, in such respect and to such extent erroneous, and to such extent and part only it is reversed. Therefore the judgment in awarding a recovery is affirmed upon the appeal, and for its denial of interest as asked is reversed upon the cross-appeal.