## Bard et al. v. Bard.

Sept. 26, 1939.

W. C. Jonson, Judge.

684

Newton Belcher for appellants.

Hubert Meredith for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants, Betty Bard and Aubrey Earle, the only heirs at law of Bradley Earle, deceased, and J. L. Shaver, administrator of the estate of Bradley Earle, are appealing from a judgment allowing the appellee, Harlan Bard, the sum of $528.30 for boarding and caring for Bradley Earle from June 7, 1930, to the time of his death, September 10, 1935. Reversal is urged upon the grounds that (1) the claim which Bard presented to the administrator, and which is the basis for his claim in the action before us, was never verified as required by law; and (2) no recovery can be had by Bard unless an express contract is alleged and proved.

Earle, a man well up in years, went to live with Bard shortly after the death of a son with whom he had been making his home. Earle had some $2,000 in the bank in 1930, and left an estate of approximately that amount. He was confined to his bed for a few weeks before his death. The only family relationship between Earle and Bard was that the former had married the latter's half-sister who died some years prior to 1930.

It appears that Earle paid nothing for his board and care at the Bard home. Bard had a large family, and, according to testimony in his behalf, had a hard time keeping up the expenses of his home.

Shortly after Earle's death, Bard filed a claim with the administrator of his estate in which he sought to collect for the board and care of Earle at the rate of $10 per month, and an additional amount of $15 for caring for Earle during his last illness. This claim was not allowed by the administrator and it was not properly verified. This suit was filed by Betty Bard and Aubrey Earle to settle the estate of the decedent. Harlan Bard was made a party defendant. He filed a separate answer and cross petition in which he sought to recover the sum of $528.30 for the boarding and caring for Earle under an alleged agreement whereby the decedent agreed to pay him for such services. The heirs and the administrator filed a demurrer to Bard's answer and cross petition, and also a reply thereto. Depositions were taken by both parties, and on submission of the case the judgment complained of was entered.

The judgment set forth that the court was of the opinion that the claim was just, but entertained some doubt as to the sufficiency of the proof of claim under Sections 3870, 3871 and 3872 of the Statutes. It set forth also that, since the claimant had requested an opportunity to correct the form of proof and to file affidavits required by the sections of the Statutes referred to, he be given an opportunity to do so, and that upon the filing of these statements the clerk should mark them filed. It was further directed that the judgment become effective and the payment made to the claimant when the clerk branded the affidavits as filed.

The appellants rely upon the cases of Spradlin v. Stanley's Adm'r, 124 Ky. 701, 99 S. W. 965, and McBride v. McBride, 262 Ky. 452, 90 S. W. (2d) 736, in support of their first contention. It is the contention of the appellee, and numerous cases are cited in support thereof, that the appellants waived verification of the claim, as required by the Statutes, when they filed their demurrer and reply to the appellee's answer without raising question as to the form of verification of the claim. In the Spradlin case no objection was raised in the circuit court upon the ground that certain claims were not properly verified. In that case it was said [124 Ky. 701, 99 S. W. 966]:

"Where a party who is sui juris stands by and permits the claims to be allowed without objection, he must be held on appeal to have consented to the allowance of the claims, or to have waived his objection to the want of proper verification."

But as to the rights of the infants involved in the litigation it was said in the Spradlin case that they could not waive their rights by mere failure to object. But even in regard to their rights, it was directed that on the return of the case to the circuit court the claimants be given reasonable time to file the proper affidavits verifying their claims. An examination of the McBride case reveals circumstances materially different from those in the case at bar. In that case the claim of a trustee which had not been properly verified was disallowed in the settlement of an estate.

In the case at bar no question was raised by the appellants as to the improper verification of the appellee's claim before they filed their demurrer and reply. While the depositions of appellee's witnesses were being taken counsel for appellants had an opportunity to cross examine these witnesses. As was pointed out in the case of Tanner v. Ayer, 209 Ky. 247, 272 S. W. 720, a deposition is a higher type of proof than an affidavit. See also Wallace & Tiernan Company v. Davis, 227 Ky. 71, 11 S. W. (2d) 990. We have no hesitancy in reaching the conclusion that the question as to the form of the verification of the appellee's claim was waived by the appellants. See Flimin's Adm'x v. Flimin, 255 Ky. 772, 75 S. W. (2d) 502, and cases cited therein. The court's direction that the appellee's claim be properly verified before payment would have been sufficient to remove any question as to its proper form, even though the appellants had, within due time, questioned its validity.

We have noted that the appellants' second contention is to the effect that the appellee should have been required to allege and prove an express contract, in view of the conditions under which Earle lived in the Bard home. With this contention we can not agree. There was no blood relationship between the parties, and there was no showing of a moral obligation on the part of Bard to care for Earle. Earle had a daughter with whom he might have made his home, and there is testimony that he was invited to live in the home of James Bard. There is no question but what Earle had

the means to pay for his support, and there is testimony that on occasions he stated that he was able to pay his living expenses.

The appellants offered testimony to the effect that Earle lived as a member of the Bard family, and that he contributed to the upkeep of the home by working in the garden and doing other work around the place, and by buying groceries from time to time. They introduced testimony also, which was denied, that Bard had said that he expected to make no charge of Earle, and that he asked Earle to come and live with him as one of his family and that there would be no cost to him. On the other hand there is testimony for the appellee to the effect that Earle had told other parties that he expected to pay Bard for taking care of him. There is also the testimony of the doctor who attended Earle during the last two years of his life that Earle was sick most of the time, and that he was quite a bit of trouble to take care of.

As pointed out in the case of Sullivan's Adm'r v. Sullivan, 248 Ky. 744, 59 S. W. (2d) 999, cases involving the right to recover upon claims such as the one before us must be determined upon their own facts. See also Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459. We think that the trial court correctly found that the appellee was entitled to recover for caring for Earle, because we find no circumstances in the record which would warrant the conclusion or raise the presumption that the services rendered by the appellee were gratuitous. On the contrary, notwithstanding the fact that there is a sharp conflict in the evidence on certain points, we think that the circumstances and conditions applicable to this case show that Bradley Earle expected to pay Harlan Bard for caring for him, and that the latter expected to receive compensation for such services. Bard is entitled to recover the reasonable value of the services he performd for Earle. See Flynn's Ex'r v. Mullett, 254 Ky. 90, 70 S. W. (2d) 978. Obviously, there can be no question as to the reasonableness of his claim.

Wherefore, for the reasons given herein, the judgment is affirmed.