## HARTLAGE v. BUCHHEIT.

Court of Appeals of Kentucky.

Jan. 16, 1953.

Lawrence S. Grauman, Louisville, for appellant.

John H. Dougherty and Ruth C. Dougherty, Louisville, for appellee.

COMBS, Justice.

The appeal is from a judgment in the amount of $1,825 in favor of appellee, Josephine Buchheit, against the estate of George W. Berry for personal services rendered by the appellee to the decedent Berry. The appellee, on cross-appeal, contends the amount of the judgment is inadequate.

George Berry, a widower, operated a small grocery store. The appellee worked in the store as a clerk, but in 1946 she purchased the business and thereafter operated it in her own name. She lived in premises adjacent to the residence of Mr. Berry. In 1942 Mr. Berry learned he was a diabetic and from that time until his death in 1948 appellee gave him injections of insulin, performed certain housekeeping duties for him, and for some time prior to his death administered to him as a practical nurse.

The performance of the services is definitely established, but it is argued by appellant that there was no agreement to pay for the services and that the circumstances under which they were performed do not warrant a finding of a contract implied by law. We disagree. Although no specific contract is proved, there was no relationship between the parties from which a legal or moral obligation of appellee to perform the services may be inferred. Furthermore, there is positive testimony that Mr. Berry considered himself obligated to compensate the appellee for her services, and it is a reasonable inference from the testimony that appellee expected to be compensated. Mr. Berry developed gangrenous sores on his feet and legs before his death and required a great deal of nursing care and attention. The services performed by the appellee were burdensome and onerous. Where there is an absence of any presumption of gratuity and the facts justify it, the law will imply an enforceable contract. Kruse's Adm'r v. Corder, 258 Ky. 774, 81 S.W.2d 600; Marshall v. Ireland, 228 Ky.

354, 15 S.W.2d 289; Bard v. Bard, 279 Ky. 683, 132 S.W.2d 44; Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S.W.2d 459.

■ We agree with the appellant that a portion of appellee's claim is barred by the 5-year statute of limitations, KRS 413.120, but with that portion of the claim eliminated it cannot be said that the judgment is excessive. The judgment is based on a period of only one year at $5 per day.

As regards appellee's cross-appeal, the judgment is based on conflicting testimony as to the value of her services and we are not prepared to say that the amount allowed is inadequate.

The judgment is affirmed on both the appeal and the cross-appeal.